SUPREME COURT OF ARIZONA
En Banc

DENNIS WAYNE CANION,            ) Arizona Supreme Court
                               ) No.  CV-04-0243-PR
                  Petitioner,  )
                               ) Court of Appeals
             v.                ) Division One
                               ) No.  1 CA-SA 04-0036
THE HONORABLE DAVID R. COLE,   )
Judge of the SUPERIOR COURT OF ) Maricopa County
THE STATE OF ARIZONA, in and for ) Superior Court
the COUNTY OF MARICOPA,        ) No.  CR 97-002781
                               )
          Respondent Judge,    )
                               )
STATE OF ARIZONA ex rel. ANDREW ) **O P I N I O N**
P. THOMAS, Maricopa County     )
Attorney,                      )
                               )
          Real Party in Interest. )
_____)


Special Action from the Superior Court in Maricopa County
The Honorable David R. Cole, Judge

**AFFIRMED; REMANDED**

_____

Opinion of the Court of Appeals, Division One
208 Ariz. 133, 91 P.3d 355 (App. 2004)

**AFFIRMED IN PART; REVERSED IN PART; OPINION VACATED**

_____

MARTIN LIEBERMAN, P.C.                                    Phoenix
     By   Martin Lieberman
Attorney for Dennis Wayne Canion

RICHARD M. ROMLEY, FORMER MARICOPA COUNTY ATTORNEY     Phoenix
ANDREW P. THOMAS, MARICOPA COUNTY ATTORNEY
     By   Paul J. McMurdie, Deputy County Attorney
          Faith C. Klepper, Deputy County Attorney
Attorneys for the State of Arizona

ARIZONA ATTORNEYS FOR CRIMINAL JUSTICE                    Tucson
NATIONAL ASSOCIATION OF CRIMINAL DEFENSE LAWYERS          Tucson
    By   Natman Schaye
        Ellen Rubin
Attorneys for Amici Curiae

_____

**B E R C H**, Vice Chief Justice

¶1      This case raises the question whether a convicted defendant who has filed a notice of post-conviction relief ("PCR"), but has not filed a petition seeking relief, has a right to compel discovery for his PCR proceedings. We hold that he does not.

### I.  FACTS AND PROCEDURAL BACKGROUND

¶2      Dennis Canion was convicted of first degree murder, aggravated assault, escape, misconduct involving weapons, and solicitation to commit second degree murder. *See State v. Canion*, 199 Ariz. 227, 229-30, ¶¶ 2-8, 16 P.3d 788, 790-91, (App. 2000). The convictions were affirmed on appeal. *Id.* at 237, ¶ 45, 16 P.3d at 798. On August 10, 2001, Canion filed a notice of post-conviction relief, pursuant to Rule 32.4 of the Arizona Rules of Criminal Procedure. Almost a year later, on July 19, 2002, without having filed a PCR petition, Canion sent a request for discovery, seeking the crime scene diagram used at his trial, copies of photographs, and the shooting review board report and notes. *Canion v. Cole ex rel. County of Maricopa*, 208 Ariz. 133, 135, ¶ 3, 91 P.3d 355, 357 (App. 2004). When the

Maricopa County Attorney's Office failed to disclose the requested items, Canion filed a motion to compel discovery, which the trial court denied. *See id*. at 135-36, ¶¶ 3, 5, 9, 91 P.3d at 357-58.

¶3 Canion sought review by filing a petition for special action in the court of appeals, which accepted jurisdiction and granted relief. *Id.* at 135, ¶ 1, 91 P.3d at 357. That court reasoned that a defendant does not lose his right to disclosure of potentially exculpatory evidence once the jury has rendered its verdict. *Id*. at 138, ¶ 18, 91 P.3d at 360. Finding that Canion had a due-process-based right to discovery, *id.* at 139, ¶ 23, 91 P.3d at 361, the court ordered that clearly exculpatory materials should be immediately disclosed to Canion; materials of "arguable exculpatory value" were to be reviewed by the trial judge in camera, "if appropriate." *Id*. at 140, ¶ 26, 91 P.3d at 362.

¶4 We granted review to decide whether the court of appeals abused its discretion in concluding that Canion had shown good cause to compel discovery and in ordering discovery at the pre-petition stage of the PCR proceedings. *See Twin City Fire Ins. Co. v. Burke,* 204 Ariz. 251, 253-54, ¶ 10, 63 P.3d 282, 284-85 (2003) (reviewing discovery ruling for abuse of discretion, but noting that an "error of law . . . in the process of reaching [a] discretionary conclusion" may constitute

an abuse of discretion) (quoting *Grant v. Ariz. Pub. Serv. Co.,* 133 Ariz. 434, 456, 652 P.2d 507, 529 (1982)); *Cervantes v. Cates,* 206 Ariz. 178, 181, ¶ 11, 76 P.3d 449, 452 (App. 2003) (applying foregoing standards in criminal discovery context). We have jurisdiction pursuant to Article 6, Section 5(3) of the Arizona Constitution and Arizona Revised Statutes section 12-120.24 (2003).

## II. DISCUSSION

### A. PCR Procedures

¶5        The Arizona Rules of Criminal Procedure outline the process by which a convicted defendant may obtain post-conviction relief. Ariz. R. Crim. P. 32. The PCR process begins when the defendant files a notice in the trial court in which he or she was convicted. *Id*. R. 32.4(a). The notice is followed by a petition setting forth any of eight enumerated grounds for relief. *See id.* R. 32.1; *State v. Carriger*, 143 Ariz. 142, 145-46, 692 P.2d 991, 994-95 (1984). The petition puts flesh and muscle on the skeleton provided by the notice. Rule 32.5 specifically requires that the petition contain "every ground known" to the defendant for challenging the judgment and further requires that all facts upon which the petition is based be shown by "[a]ffidavits, records, or other evidence currently available to the defendant."

¶6    Rule 32 requires appointed defense counsel to file a PCR petition setting forth the defendant's claims for relief within sixty days of appointment, Ariz. R. Crim. P. 32.4(c)(2), although extensions of time for filing the petition may be granted.  *Id.* (requiring "extraordinary circumstances" for the second or subsequent continuance).   In this case, defense counsel filed the PCR notice on August 10, 2001.   Soon thereafter, Canion's attorney filed a motion seeking discovery, and counsel have since been attempting to resolve the discovery dispute.   Thus at this juncture, nearly four years after the filing of the PCR notice, no PCR petition has been filed.

B.   **Discovery in PCR Proceedings**

¶7    Rule 32 itself does not provide a process for obtaining discovery in PCR proceedings.   Canion has requested discovery on two bases:   that the information he seeks is exculpatory evidence required to be disclosed by *Brady v. Maryland,* 373 U.S. 83 (1963), and that disclosure is required by Arizona Rule of Criminal Procedure 15.1.

¶8    The Court of Appeals found, and the State acknowledges, an ethical and constitutional obligation to disclose clearly exculpatory material that comes to its attention after the sentencing has occurred, *see Brady,* 373 U.S. at 87 (setting forth requirement to disclose clearly exculpatory material), and we affirm that the State does bear such a duty.

¶9       The issue is not whether the State was required to disclose certain materials before trial, but whether Canion may, at this pre-petition stage of a PCR proceeding, compel discovery to support his argument that the State failed to make adequate disclosure.  Canion asserts that Rule 15.1 of the Arizona Rules of Criminal Procedure, which governs discovery and disclosure in criminal cases, imposes an obligation on the State to disclose such information.  As the State correctly observes, however, Rule 15 applies only to the trial stage, not to PCR proceedings.  Even the portion of Rule 15 imposing a continuing requirement of disclosure anticipates that disclosure will occur before trial. *See* Ariz. R. Crim. P. 15.6(b)-(d).  Rule 15 therefore does not impose an obligation to disclose materials in these circumstances.

¶10      Despite the absence of explicit authority, both parties acknowledge that trial judges have inherent authority to grant discovery requests in PCR proceedings upon a showing of good cause.  *Cf. State v. Van Den Berg*, 164 Ariz. 192, 196, 791 P.2d 1075, 1079 (App. 1990); *accord Carriger v. Stewart*, 132 F.3d 463, 466 (9th Cir. 1997) (interpreting Arizona law, referencing "court-ordered discovery" during post-conviction proceedings).  Before Canion may be permitted to show good cause to compel disclosure of the material he seeks, however, he must file a PCR petition to provide context for his request.

**¶11**     The insistence on compliance with Rule 32 is not a mere formality.  We have consistently required that parties "strictly comply" with the rule to be entitled to relief. *Carriger*, 143 Ariz. at 146, 692 P.2d at 995.  Rule 32 not only provides a procedure through which a defendant may be heard, but also ensures a record from which reviewing courts can determine whether the facts "support petitioner's claim for relief." *State v. Rogers*, 113 Ariz. 6, 10, 545 P.2d 930, 934 (1976) (Cameron, J., dissenting).  It also protects the State from random discovery requests not made within the confines of any filed case.  In short, Rule 32 sets forth an orderly procedure, beginning with the filing of a notice and petition, that facilitates consideration not only of a defendant's claims for post-conviction relief, but of discovery requests as well.  *See supra* ¶¶ 5-6.  Indeed, the State observes, because no PCR petition has been filed in this case, we do not yet know what claims Canion will raise in his bid for post-conviction relief.

**¶12**     To that point, Canion asserts in his supplemental discovery memorandum that the State violated its duty under Rule 15 to disclose evidence at trial.  We have no petition before us, however, to explain whether, if true, such an allegation would state a colorable claim – that is, one that would entitle Canion to relief under Rule 32.  *See Carriger*, 143 Ariz. at 146, 692 P.2d at 995; *see also State v. Runningeagle*, 176 Ariz. 59,

63, 859 P.2d 169, 173 (1993) (defining a colorable claim as one that, if taken as true, might have changed the verdict); *State v. Adamson*, 136 Ariz. 250, 265, 665 P.2d 972, 987 (1983) (same). For example, we do not know whether Canion's Rule 32 claim will be that the State's failure to disclose constitutes a constitutional violation, whether he will assert that trial counsel was ineffective for having failed to obtain the materials, or whether he intends to advance some other claim altogether. Moreover, because we have no petition, the record does not show the legal basis for Canion's belief that all required disclosures were not made at trial. Whatever his claim might be, Canion bears the burden of "assert[ing] grounds that bring him within the provisions of [Rule 32]." *Carriger*, 143 Ariz. at 146, 692 P.2d at 995.

¶13 Even assuming, however, for argument's sake, that the State did not fully disclose Rule 15 materials before trial, that claim as pled does not fall within the claims listed under Rule 32. *See* Ariz. R. Crim. P. 32.1(a)-(h). While improper, a violation of Rule 15.1, without more, is not a ground that would entitle Canion to post-conviction relief. And to the contrary, the State is entitled to a presumption that Canion's convictions were regularly obtained and are valid, a presumption that Canion bears the burden of overcoming. *See State v. McCann*, 200 Ariz. 27, 31, ¶ 15, 21 P.3d 845, 849 (2001); *State v. Cons*, 208 Ariz.

- 8 -

409, 416, ¶ 19, 94 P.3d 609, 616 (App. 2004).

¶14     Because no PCR petition has been filed in this case, we do not know the basis for Canion's claim for Rule 32 relief and cannot assess whether any violation he might allege would state a colorable claim.  Moreover, because the trial court denied discovery on the procedural ground that no petition was pending, we lack any record on which to determine whether Canion has made a colorable claim on which PCR relief may be granted. Without a petition or record, we lack any context in which to assess Canion's request for discovery.  Canion must follow the PCR procedure outlined in Rule 32.  *Carriger*, 143 Ariz. at 146, 692 P.2d at 995 (requiring strict compliance with Rule 32). Only when a petition has been filed can the trial judge – and reviewing courts – properly consider Canion's request for discovery in light of his asserted grounds for relief.

¶15     At oral argument, Canion's counsel objected that requiring him to file his petition before obtaining discovery places him in a procedural dilemma.  He maintains that because a PCR petition must "include every ground known to [a defendant] for vacating, reducing, correcting or otherwise changing all judgments or sentences imposed upon him," Ariz. R. Crim. P. 32.5, he must ascertain all potential grounds through discovery before filing his petition.

¶16 We see no such dilemma. Rule 32.6(d), which permits a defendant to amend his petition "upon a showing of good cause," adopts a liberal policy toward amendment of PCR pleadings. *Rogers*, 113 Ariz. at 8, 545 P.2d at 932. If Canion uncovers new evidence or exculpatory evidence as a result of his discovery requests, the trial court may allow amendment of the petition. Thus, there is no reason for Canion to delay filing his petition.

¶17 In sum, in this case, after filing only his PCR notice, Canion requested various materials used at his trial or available at that time, alleging, without elaboration, that they were "needed to present an effective defense." Such a claim, unsupported by a PCR petition, is insufficient to overcome the presumptions that the materials were made available before trial and that Canion's convictions were regularly obtained and are valid. *See Bracy v. Gramley*, 520 U.S. 899, 909 (1997) (recognizing presumption that public officials "properly discharged their official duties"); *see also McCann*, 200 Ariz. at 31, ¶ 15, 21 P.3d at 849.

¶18 Because no petition has been filed, Canion has neither established good cause for discovery nor made a colorable claim that he is entitled to post-conviction relief. Like others who seek Rule 32 relief, Canion must file his petition, complete with affidavits and relevant portions of the record that

- 10 -

establish a ground that would provide a basis for relief under Rule 32.

### III.    CONCLUSION

¶19      For the foregoing reasons, we affirm that the State must disclose clearly exculpatory evidence that comes to its attention after a trial has concluded, but reverse the court of appeals' conclusion that the State must also disclose other material in the absence of a filed PCR petition.  We therefore vacate the opinion of the court of appeals and remand the case to the superior court for proceedings consistent with this opinion.

_____
Rebecca White Berch, Vice Chief Justice


CONCURRING:


_____
Ruth V. McGregor, Chief Justice


_____
Michael D. Ryan, Justice


_____
Andrew D. Hurwitz, Justice


_____
Charles E. Jones, Justice (Retired)