NOTICE: NOT FOR PUBLICATION.
UNDER ARIZ. R. SUP. CT. 111(c), THIS DECISION DOES NOT CREATE LEGAL PRECEDENT
AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

_____

STATE OF ARIZONA, *Respondent,*

*v.*

JEREMY KEITH BARRIENTES, *Petitioner.*

No. 1 CA-CR 12-0677 PRPC
FILED 2-25-2014

_____

Petition for Review from the Superior Court in Maricopa County
Nos. CR2003-036001-001
CR2010-138881-003

The Honorable Cari A. Harrison, Judge

**REVIEW GRANTED; RELIEF DENIED**

_____

COUNSEL

Office of the Attorney General, Phoenix
By Joseph Maziarz

*Counsel for Respondent*

Jeremy Keith Barrientes, Kingman

*Petitioner Pro Se*

---

**MEMORANDUM DECISION**

Judge Randall M. Howe delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge John C. Gemmill joined.

---

**H O W E,** Judge:

**¶1**        Petitioner Jeremy Keith Barrientes petitions this Court for review from the dismissal of his petition for post-conviction relief.  This Court has considered the petition for review and, for the reasons stated, grants review and denies relief.

**¶2**        Barrientes pled guilty to misconduct involving weapons and two counts of armed robbery and the trial court sentenced him to a stipulated, aggregate term of twenty-one years' imprisonment.  As a result of these convictions, the court also revoked Barrientes's probation for armed robbery in a prior case and sentenced him to a concurrent term of five years' imprisonment. Barrientes filed a consolidated pro se petition for post-conviction relief after his counsel found no colorable claims for relief in either case. The trial court granted relief on a sentencing issue and resentenced Barrientes to the same sentences in both cases. The court summarily dismissed the petition regarding all other claims. Barrientes now seeks review. We have jurisdiction pursuant to Arizona Rule of Criminal Procedure 32.9(c).

**¶3**        We deny relief.  Rather than identify specific claims for relief supported with fully and independently developed arguments, citation to legal authority and the record, Barrientes attempts to present issues for review by incorporating by reference the petition for post-conviction relief filed in the trial court.  His petition for review does nothing more than provide supplemental argument to support his petition for post-conviction relief and is entirely dependent on incorporation of the petition. A petition for review may not incorporate by reference any issue or argument. The petition must set forth specific claims, present sufficient argument supported by legal authority, and include citation to the record. *State v. Bortz*, 169 Ariz. 575, 577, 821 P.2d 236, 238 (App. 1991); Rule 32.9(c). "[C]ompliance with Rule 32 is not a mere formality." *Canion v. Cole*, 210 Ariz. 598, 600 ¶ 11, 115 P.3d 1261, 1263 (2005).  A petitioner must "strictly comply" with Rule 32 in order to be entitled to relief. *Id.* Barrientes has failed to comply with Rule 32.

**¶4** Further, Barrientes's attempt to rectify these deficiencies in his reply is not sufficient. This Court will not consider arguments or issues first raised in a reply. *See State v. Watson*, 198 Ariz. 48, 51 ¶ 4, 6 P.3d 752, 755 (App. 2000). Finally, the petition for review presents additional issues Barrientes did not raise in the petition for post-conviction relief he filed in the trial court. A petition for review may not present issues not first presented to the trial court. *Bortz*, 169 Ariz. at 577, 821 P.2d at 238; Ariz. R. Crim. P. 32.9(c)(1)(ii). For the above reasons, we grant review and deny relief.



Ruth A. Willingham · Clerk of the Court
F I L E D : mjt