NOTICE: NOT FOR PUBLICATION.
UNDER ARIZ. R. SUP. CT. 111(c), THIS DECISION DOES NOT CREATE LEGAL PRECEDENT
AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Respondent*,

*v.*

MICHAEL SCOTT SCHNEIDER, *Petitioner*.

No. 1 CA-CR 13-0010 PRPC
FILED 4-10-2014

---

Petition for Review from the Superior Court in Maricopa County
Nos. CR2006-012713-001
CR2006-131812-001
CR2006-144961-001
CR2007-165263-001
CR2008-005440-001
The Honorable Rosa Mroz, Judge

**REVIEW GRANTED; RELIEF DENIED**

---

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Michael Scott Schneider, Douglas
*Petitioner Pro Se*

<hr>

**MEMORANDUM DECISION**

Presiding Judge Kent E. Cattani, Judge Margaret H. Downie and Judge Michael J. Brown delivered the decision of the court.

<hr>

**PER CURIAM:**

**¶1**        Petitioner Michael S. Schneider seeks review of the superior court's dismissal of his petition for post-conviction relief. For reasons that follow, we grant review but deny relief.

**¶2**        Schneider filed a consolidated petition for review in five separate superior court cases. The only issue he raises, however, relates to a restitution order in Maricopa County Superior Court cause number CR2008-005440, a case in which Schneider pled guilty to trafficking in stolen property. The superior court sentenced Schneider to ten years' imprisonment and ordered him to pay $9,991.00 in restitution to the victim. The court summarily dismissed Schneider's petition for post-conviction relief, and he now seeks review. We have jurisdiction under Arizona Rule of Criminal Procedure 32.9(c).

**¶3**        Schneider argues he is being "charged" for losses that occurred prior to the date of his offense or are otherwise not related to his offense. He also argues his counsel was ineffective. Schneider has not identified, however, which losses occurred prior to the date of his offense. Nor has he identified who incurred the losses for which he is being charged, or the offense that resulted in the charges. He similarly has not explained why his counsel was ineffective.[1] Further, he has not provided evidence to support his claims and has not provided citations to the record or any legal authority for his claims. Accordingly, he is not entitled to relief. *See State v. Bortz*, 169 Ariz. 575, 577, 821 P.2d 236, 238 (App. 1991)(noting that a petition for review must set forth specific claims, present sufficient argument supported by legal authority and include citation to the record.); Ariz. R. Crim. P. 32.5, 32.9(c). "[C]ompliance with Rule 32 is not a mere formality." *Canion v. Cole*, 210 Ariz. 598, 600, ¶ 11, 115 P.3d 1261, 1263 (2005).

<hr>

[1]        Schneider has restitution obligations stemming from two different cases.

**¶4** Moreover, to the extent Schneider is referencing the $9,991.00 in restitution the trial court ordered him to pay in cause number CR2008-005440, his argument is without merit. Schneider stipulated that amount of restitution as a term of his plea agreement. At the change of plea hearing, Schneider personally told the trial court he read the plea agreement in its entirety, he reviewed the terms of the plea agreement with his attorney, and his attorney explained all of the terms of the plea agreement to him. Schneider stated that he understood all of the terms of the agreement and he informed the court that he understood that his pleas in CR2008-005440 and his other "new" cases were contingent upon his satisfaction of the $9,991.00 restitution award to the victim in CR2008-005440.

**¶5** Schneider does not contest the sufficiency of the factual basis for the plea, and he provides no evidence the restitution was improper or that his counsel was ineffective.

**¶6** We therefore grant review and deny relief.



Ruth A. Willingham · Clerk of the Court
FILED: MJT