NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

GERALD ALLEN WILSON, *Petitioner*.

No. 1 CA-CR 13-0168 PRPC

FILED 07-31-2014

Petition for Review from the Superior Court in Maricopa County
No. CR2010-132574-002
The Honorable Joseph C. Welty, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Arthur G. Hazelton, Jr.
*Counsel for Respondent*

Gerald Allen Wilson, Kingman
*Petitioner*

**MEMORANDUM DECISION**

Chief Judge Diane M. Johnsen delivered the decision of the Court, in which Presiding Judge Maurice Portley and Judge Michael J. Brown joined.

**J O H N S E N**, Chief Judge:

**¶1**        Gerald Allen Wilson petitions this court for review from the dismissal of his petition for post-conviction relief. We grant review and deny relief.

**¶2**        A jury convicted Wilson of two counts each of possession or use of dangerous drugs, possession of drug paraphernalia and misconduct involving weapons. The superior court sentenced Wilson to an aggregate term of 14 years' imprisonment, and we affirmed his convictions and sentences on direct appeal. *State v. Wilson*, 1 CA-CR 11-0292, ¶¶ 1, 21 (Ariz. App. Apr. 12, 2012). Wilson filed a pro se petition for post-conviction relief after his counsel found no colorable claim for relief. The superior court summarily dismissed the petition and Wilson now seeks review. We have jurisdiction pursuant to Arizona Rule of Criminal Procedure 32.9(c).

**¶3**        Wilson's petition for review lists fifteen separate issues, yet he provides little or no supporting argument, no supporting legal authority and no citation to the record for most of those issues. A petition for review may not incorporate by reference any issue or argument. Further, the petition must set forth specific claims, present sufficient argument supported by legal authority and include citation to the record. *State v. Bortz*, 169 Ariz. 575, 577, 821 P.2d 236, 238 (App. 1991); Ariz. R. Crim. P. 32.5, 32.9(c). "[C]ompliance with Rule 32 is not a mere formality." *Canion v. Cole*, 210 Ariz. 598, 600, ¶ 11, 115 P.3d 1261, 1263 (2005). A petitioner must "strictly comply" with Rule 32 in order to be entitled to relief. *Id.* Therefore, we address only those issues for which Wilson sets forth specific claims he supports with sufficient argument and citation to both legal authority and the record. Wilson has abandoned and waived the issues he does not properly present and support.

**¶4**        Wilson argues the superior court erred when it failed to suppress evidence on various grounds and when it admitted "tainted"

evidence. He further argues there was insufficient evidence to support his conviction for misconduct involving weapons as charged in count two. Wilson challenged the court's failure to suppress evidence on direct appeal and could have raised the other issues on direct appeal. Any claim a defendant raised or could have raised on direct appeal is precluded. Ariz. R. Crim. P. 32.2(a). None of the exceptions in Rule 32.2(b) applies.

**¶5** Wilson also argues his trial counsel was ineffective for various reasons. To state a colorable claim of ineffective assistance of counsel, a defendant must show that counsel's performance fell below objectively reasonable standards and that the deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Wilson argues his trial counsel should have offered in evidence photographs to show that swords and other weapons were affixed to the wall of the home at the time of the search. We will not consider that argument, however, because he did not present it in the petition he filed in the superior court. *See* Ariz. R. Crim. P. 32.9(c) (providing for this court's "review of the actions of the trial court"). Otherwise, Wilson does not sufficiently identify what counsel did or failed to do, how counsel's action or inaction fell below objectively reasonable standards or how any action or inaction of counsel prejudiced him. Wilson has, therefore, failed to state any colorable claims for relief based on ineffective assistance of counsel.

**¶6** We grant review and deny relief. All other issues Wilson references in his petition for review that we have not addressed above are abandoned and waived because he failed to provide sufficient argument and/or citation to both legal authority and the record.



Ruth A. Willingham · Clerk of the Court
FILED: gsh