NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Respondent*,

*v.*

HARRELL G. SETTLE II, *Petitioner*.

No. 1 CA-CR 12-0820 PRPC
FILED 08-19-2014

---

Petition for Review from the Superior Court in Maricopa County
No. CR2008-156154-001
The Honorable Pamela Hearn Svoboda, Judge

**REVIEW GRANTED; RELIEF DENIED**

---

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Harrell G. Settle, II, Kingman
*Petitioner*

---

**MEMORANDUM DECISION**

Judge Maurice Portley delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Margaret H. Downie joined.

---

**P O R T L E Y**, Judge:

**¶1**        Petitioner Harrell G. Settle, II, petitions this court for review from the dismissal of his petition for post-conviction relief. For the following reasons, we grant review, but deny relief.

**¶2**        A jury convicted Settle of possession or use of dangerous drugs and he was sentenced to prison for six years. We affirmed his conviction and sentence on direct appeal. *State v. Settle*, 1 CA-CR 10-0234 (Ariz. App. Feb. 10, 2011). Settle filed a pro se petition for post-conviction relief after counsel found no colorable claims for relief. The trial court summarily dismissed the petition and Settle now seeks review. We have jurisdiction pursuant to Arizona Rule of Criminal Procedure ("Rule") 32.9(c).

**¶3**        We note that Settle's petition was written in a stream-of-consciousness style and presents many of the issues in one sentence or less. Settle attempts to incorporate issues and arguments from his petition for post-conviction relief into his petition for review by mere reference. Further, his petition for review contains many references to issues for which he provides little or no supporting argument, no supporting legal authority and no citation to the record. A petition for review, however, may not incorporate by reference any issue or argument. *See* Ariz. R. Crim. P. 32.9(c)(1)(iv); *see, e.g., State v. Bortz*, 169 Ariz. 575, 577, 821 P.2d 236, 238 (App. 1991) (noting that incorporation by reference is inadequate to satisfy the requirements of Rule 32.9(a)). The petition must set forth specific claims, present sufficient argument supported by legal authority and include citation to the record. Ariz. R. Crim. P. 32.9(c). "[C]ompliance with Rule 32 is not a mere formality." *Canion v. Cole*, 210 Ariz. 598, 600, ¶ 11, 115 P.3d 1261, 1263 (2005). A petitioner must "strictly comply" with Rule 32 in order to be entitled to relief. *Id*. (citation omitted) (internal quotation marks omitted). Therefore, we address only those issues for which Settle sets forth specific claims that he supports with sufficient argument and citation to both legal authority and the record.

¶4        Settle first argues his trial counsel was ineffective. To state a colorable claim of ineffective assistance of counsel, a defendant must show that counsel's performance fell below objectively reasonable standards and that the deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

¶5        Settle contends his counsel was ineffective during plea negotiations. Prior to trial, the State extended a plea offer that would have required Settle to spend only four months in prison. Settle contends his trial counsel was ineffective when she failed to inform him that this offer would expire if he did not accept it by a date he has never identified. He further argues counsel allowed the offer to expire before he could formally accept it. We deny review.

¶6        Settle has never offered any evidence the offer "expired" or even had an expiration date. Settle conceded before the trial court that when the State made the offer of four months, the trial court, the State and Settle's counsel all agreed the offer would remain open to allow Settle time to address serious medical issues that might not be adequately addressed once he was in custody. While Settle claimed to the trial court that the State had "withdrawn" the offer by the time he got out of the hospital, the record shows Settle actually rejected the offer. The trial court confirmed Settle rejected the earlier offer when it conducted a settlement conference just before jury selection, and Settle did not challenge the court's representation. Settle, as a result, has failed to present a colorable claim that his counsel failed to inform him that the offer would expire.

¶7        Settle next argues his trial counsel was ineffective when she failed to call witnesses at trial. Settle does not identify the witnesses counsel should have called and provides no affidavits from those witnesses regarding what testimony they could have provided. He has, therefore, failed to state a colorable claim for relief. *See State v. Borbon*, 146 Ariz. 392, 399, 706 P.2d 718, 725 (1985).

¶8        Settle also asserts his counsel was ineffective when she failed to move to suppress the purportedly perjured testimony of a police officer. We deny relief because Settle offers nothing but his own opinion to support his claim that the officer was not truthful. Further, Settle provides no authority for his argument that his disagreement with another's testimony is a valid ground for suppression, and we are aware of none.

¶9        Settle also contends the lawyer appointed to represent him in his post-conviction relief proceeding was also ineffective. Because Settle

does not identify how counsel was ineffective, he has failed to state a colorable claim for relief.

**¶10** Settle next argues he was not competent to stand trial and police had no probable cause to stop him. We addressed both issues on direct appeal. Any claim a defendant raised or could have raised on direct appeal is precluded. Ariz. R. Crim. P. 32.2(a). None of the exceptions under Rule 32.2(b) apply.

**¶11** Settle also presents additional issues and arguments in his petition for review. He, however, did not raise them in the petition for post-conviction relief he filed with the trial court. A petition for review may not present issues and arguments not first presented to the trial cour*t. Bortz*, 169 Ariz. at 577, 821 P.2d at 238; Ariz. R. Crim. P. 32.9(c)(1)(ii). Finally, all other issues Settle references in his petition for review that we have not otherwise addressed are abandoned and waived because Settle failed to provide sufficient argument and/or citation to both legal authority and the record.

**¶12** Based on the foregoing, we grant review of the petition for review and deny relief.



Ruth A. Willingham · Clerk of the Court
FILED: gsh