NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

ABELARDO CHAPARRO, *Petitioner*.

No. 1 CA-CR 13-0644 PRPC
FILED 9-24-2015

Appeal from the Superior Court in Maricopa County
No. CR1995-005120
The Honorable Peter C. Reinstein, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Abelardo Chaparro, Tucson
*Petitioner*

**MEMORANDUM DECISION**

Presiding Judge Randall M. Howe delivered the decision of the Court, in which Judge Jon W. Thompson and Judge Lawrence F. Winthrop joined.

**H O W E,** Judge:

¶1 Abelardo Chaparro petitions this Court for review from the dismissal of his petition for post-conviction relief. We have considered the petition for review and for the reasons stated grant review and deny relief.

¶2 A jury found Chaparro guilty of first degree premeditated murder in 1996, and the trial court sentenced him to imprisonment for life without a possibility of parole for twenty-five years. We affirmed his conviction and sentence on direct appeal, noting that the evidence of premeditation was "overwhelming." *State v. Chaparro*, 1 CA-CR 96-0726 at 13 (Ariz. App. Jul. 31, 1997) (mem. decision). Chaparro now seeks review of the summary dismissal of his fifth successive post-conviction relief proceeding. We have jurisdiction pursuant to Arizona Rule of Criminal Procedure 32.9(c) and A.R.S. § 13–4239(C).

¶3 In his petition, Chaparro argues that newly discovered evidence that he shot the victim in self-defense would have changed the outcome of the trial. The newly discovered evidence is described in an affidavit from the director of the Force Science Research Center at Minnesota State University, Mankato ("the expert"). The expert represents that the university conducts "the leading research on human performance in lethal force encounters." The expert opines that recent developments in research regarding reaction time, "cognitive and perceptual psychology" and spent-shell casing placement "would add significantly to an understanding of the elements in the shooting of [the victim] by Mr. Abelard[o] Chaparro." After a lengthy analysis of the evidence in the context of these developments, the expert, in the words of Chaparro, "concludes that Mr. Chaparro responded reasonably to a life and death situation."

¶4 We deny relief. Chaparro raised these same claims with the same expert in his fourth post-conviction relief proceeding in 2008. While Chaparro did not include an affidavit from the expert at that time, the expert's affidavit in this fifth proceeding is dated *before* Chaparro's fourth post-conviction relief proceeding. In fact, Chaparro presented these same yet less-developed claims with the same expert in his third post-conviction relief proceeding in 2004. In that petition, Chaparro admitted he learned of the expert and these new studies in March 2003. Further, Chaparro admitted in the third proceeding that the expert was the same as the unidentified expert he referenced in his second proceeding. Any claim a defendant raised or could have raised in an earlier post-conviction relief proceeding is precluded. Ariz. R. Crim. P. 32.2(a).

**¶5** Chaparro also makes a cursory argument that *State v. Taylor*, 2013 WL 1920827 (Ariz. App. May 8, 2013), constitutes a significant change in the law that supports the above claim. First, memorandum decisions had no precedential value at the time Chaparro filed his fifth petition for post-conviction relief.[1] Second, while this may be the *State v. Taylor* decision that the trial court mistakenly identified in the minute entry dismissing the petition below, it is not the same *State v. Taylor* that Chaparro cited in his petition for post-conviction relief. Most notably, the defendants have different names. Further, the case Chaparro cited was not an appellate court case, but was a Pima County superior court case and the "decision" Chaparro attached to his petition was not a copy of a decision, but was a copy of a memorandum from the county attorney that was unsigned and bore no file stamp. This is of no precedential value whatsoever. Finally, our review of the *Taylor* memorandum decision the trial court cited shows that it has no application to Chaparro's claims.

**¶6** Finally, Chaparro's list of issues he presents for review includes additional issues for which he provides no supporting argument. "Merely mentioning an argument is not enough[.]" *State v. Moody*, 208 Ariz. 424, 452 ¶ 101 n.9, 94 P.3d 1119, 1147 n.9 (2004). A petition for review must set forth specific claims, present sufficient argument supported by legal authority, and include citation to the record. Ariz. R. Crim. P. 32.9(c)(1)(ii), (iv); *State v. Rodriguez*, 227 Ariz. 58, 61 ¶ 12 n.4, 251 P.3d 1045, 1048 n.4 (App. 2010) (declining to address argument not presented in petition). "[C]ompliance with Rule 32 is not a mere formality." *Canion v. Cole*, 210 Ariz. 598, 600 ¶ 11, 115 P.3d 1261, 1263 (2005). A petitioner must "strictly comply" with Rule 32 in order to be entitled to relief. *Id.* Chaparro has therefore abandoned and waived those additional claims.

**¶7** We grant review and deny relief.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama

---

[1] Arizona Rule of the Supreme Court 111(c) has since been amended to permit limited citation to memorandum decisions.