NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

MANUEL L. OCHOA, *Petitioner*.

No. 1 CA-CR 14-0359 PRPC
FILED  8-9-2016

Petition for Review from the Superior Court in Maricopa County
No.  CR2008-114600-001
The Honorable Bruce R. Cohen, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Manuel L. Ochoa, San Luis
*Petitioner Pro Se*

**MEMORANDUM DECISION**

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Kenton D. Jones joined.

**T H U M M A,** Judge:

**¶1** Petitioner Manuel L. Ochoa seeks review of the superior court's order denying his petition for post-conviction relief, filed pursuant to Arizona Rule of Criminal Procedure 32.1. Absent an abuse of discretion or error of law, this court will not disturb a superior court's ruling on a petition for post-conviction relief. *State v. Gutierrez*, 229 Ariz. 573, 577 ¶ 19 (2012). Because Ochoa has shown no such error, this court grants review but denies relief.

**¶2** In June 2012, Ochoa pled guilty to possession of marijuana for sale, a Class 2 felony, with one historical felony conviction, and possession of drug paraphernalia, a Class 6 designated felony. In July 2012, the superior court sentenced him to a presumptive 9.25-year prison term on the possession of marijuana for sale conviction followed by a two-year term of probation on the paraphernalia conviction.

**¶3** In January 2014, Ochoa filed a notice of post-conviction relief and motion for delayed Rule 32 post-conviction relief expressing an intent to claim newly discovered evidence, constitutional issues, and ineffective assistance of counsel for failure to file a timely notice of post-conviction relief. In the space provided in the notice for a petitioner to state the facts that support the claims and the reasons for not raising the claims in a timely manner, Ochoa claimed he was not law-trained and without legal material or resources, adding that "[e]vidence will show that defendant was not in possession or control of marijuana that was found at the residence in which defendant was not the owner or a tenant thereof."

**¶4** The superior court summarily dismissed Ochoa's claims as untimely and that he failed to state a claim for which relief can be granted in an untimely Rule 32 proceeding. Ochoa unsuccessfully sought reconsideration and this petition for review followed.

**¶5** When a conviction is entered on a guilty plea, a defendant must file a notice of post-conviction relief in a Rule 32 "of-right" proceeding within 90 days after entry of judgment or sentence. Ariz. R. Crim. P. 32.4(a). Ochoa's notice was filed more than 17 months after entry of judgment and sentencing. A trial court may summarily dismiss a notice of post-conviction relief as untimely if the defendant did not file the notice within 90 days. *State v. Rosario*, 195 Ariz. 264, 266 ¶ 7 (App. 1999).

**¶6** Although Ochoa claims that the failure to file a timely Rule 32 notice was not his fault, he provides no facts to support that claim in either

his notice of post-conviction relief or his petition for review. If a defendant who seeks post-conviction relief does not state meritorious and supported reasons for why the defendant did not raise a claim in a timely manner, the superior court "shall" dismiss the post-conviction relief proceedings. Ariz. R. Crim. P. 32.2(b). "[C]ompliance with Rule 32 is not a mere formality." *Canion v. Cole*, 210 Ariz. 598, 600 ¶ 11 (2005). A petitioner must "strictly comply" with Rule 32 in order to be entitled to relief. *Id*. For these reasons, Ochoa has not shown the superior court erred in dismissing his claims.

**¶7**      Accordingly, although this court grants review, we deny relief.



Ruth A. Willingham · Clerk of the Court
F I L E D : AA