NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

JOSHUA FREEMON, *Petitioner*.

No. 1 CA-CR 14-0695 PRPC
FILED 2-9-2017

Petition for Review from the Superior Court in Navajo County
No. S-0900-CR-20061145
The Honorable Robert J. Higgins, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Navajo County Attorney's Office, Holbrook
By Bradley W. Carlyon
*Counsel for Respondent*

Emery K. La Barge Attorney at Law, Snowflake
By Emery K. La Barge
*Counsel for Petitioner*

---

**MEMORANDUM DECISION**

Presiding Judge Peter B. Swann delivered the decision of the Court, in which Judge Patricia A. Orozco (retired) and Chief Judge Michael J. Brown joined.

---

**S W A N N**, Judge:

¶1        Petitioner Joshua Freemon petitions this court for review from the summary dismissal of his supplemental petition for post-conviction relief.[1]  Freemon identifies four claims of ineffective assistance of counsel he raised below and simply asks this court to review a copy of the petition for post-conviction relief attached to the petition for review. While the petition for review provides general law defining colorable claims for relief and identifying when a petitioner is entitled to an evidentiary hearing, the petition does not (1) provide any arguments that support any of the claims of ineffective assistance; (2) identify any legal authority that has any application to claims of ineffective assistance; (3) apply any legal authority to any facts that support the claims of ineffective assistance or (4) provide any citation to the record.

¶2        A petition for review may not incorporate by reference any issue or argument.  The petition must set forth specific claims, present sufficient argument supported by legal authority and include citation to the record.  Ariz. R. Crim. P. 32.9(c)(1); *see State v. Rodriguez*, 227 Ariz. 58, 61, ¶ 12, n.4 (App. 2010) (declining to address argument not presented in petition).  While Rule 32.9(c)(1) permits appendices, the purpose of an appendix is to support references to the record on review, not circumvent the necessity of presenting a fully and independently developed arguments supported by legal authority and citation to the record.  *See* Ariz. R. Crim. P. 32.9(c)(1)(iv).  "[C]ompliance with Rule 32 is not a mere formality." *Canion v. Cole*, 210 Ariz. 598, 600, ¶ 11 (2005).  A petitioner must "strictly comply" with Rule 32 in order to be entitled to relief.  *Id.*

---

[1]        Freemon does not seek review of the summary dismissal of a pro se petition for post-conviction relief the superior court also considered. Further, the minute entry Freemon attached to the petition for review is the minute entry that dismissed the pro se petition for post-conviction relief, not the later minute entry that dismissed the supplemental petition at issue.

¶3     Accordingly, we grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED:   AA