NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

BRENT FITZGERALD DUKE, *Petitioner*.

No. 1 CA-CR 14-0812 PRPC
FILED 2-14-2017

Petition for Review from the Superior Court in Maricopa County
Nos. CR2000-003086
CR2011-100810-001
The Honorable Robert L. Gottsfield, Judge (Retired)

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Susan L. Luder
*Counsel for Respondent*

Brent Fitzgerald Duke, Florence
*Petitioner Pro Se*

---

**MEMORANDUM DECISION**

Judge Margaret H. Downie delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge James P. Beene joined.

---

D O W N I E, Judge:

¶1        Brent Fitzgerald Duke petitions for review of the dismissal of his petition for post-conviction relief.  For the following reasons, we grant review but deny relief.

¶2        A jury found Duke guilty of burglary in the third degree and trafficking in stolen property in the first degree.  The superior court imposed concurrent twelve-year terms of imprisonment, and this Court affirmed Duke's convictions and sentences in *State v. Duke*, 1 CA-CR 12-0072, 2013 WL 1319792 (Ariz. App. Apr. 2, 2013) (mem. dec.). The Arizona Supreme Court denied review.

¶3        Duke petitioned the superior court for post-conviction relief ("PCR") pursuant to Arizona Rule of Criminal Procedure 32.  He later submitted additional filings, which the superior court construed together as his petition for PCR.  The superior court dismissed the petition on November 25, 2014, finding Duke's claims were either precluded or failed to present material issues of fact or law.  *See* Ariz. R. Crim. P. 32.2(a), 32.8(a). The precluded claims included: *Miranda*[1] and voluntariness issues, unconstitutional search and seizure, coerced confession, perjured testimony at trial, improper jury instructions, and improper conduct by the superior court toward trial counsel.  The remaining claims asserted ineffective assistance of trial and appellate counsel, newly discovered evidence, significant change in the law, and actual innocence.

¶4        Duke timely filed a notice of petition for review on December 8, 2014.  The court allowed Duke until January 25, 2015 to petition this Court for review, which he did.  We have jurisdiction pursuant to Rule 32.9(c).  "We will not disturb a trial court's ruling on a petition for post-conviction relief absent a clear abuse of discretion."  *State v. Swoopes*, 216 Ariz. 390, 393, ¶ 4 (App. 2007).

---

[1]        *Miranda v. Arizona*, 384 U.S. 436 (1966).

**¶5**          A petitioner must strictly comply with Rule 32 or the court will deny relief. *Canion v. Cole*, 210 Ariz. 598, 600, ¶ 11 (2005); *State v. Carriger*, 143 Ariz. 142, 146 (1984). The rules of criminal procedure require petitions for review to articulate "[t]he reasons why the petition should be granted." Ariz. R. Crim. P. 32.9(c)(1)(iv). Duke's petition for review lists nine issues, six of which the superior court deemed precluded. Duke has not articulated how the preclusion determination was erroneous. And in terms of the remaining listed issues, Duke has developed no substantive argument and has not explained how the superior court abused its discretion by dismissing his petition. Under these circumstances, we discern no reversible error. *See State v. Donald*, 198 Ariz. 406, 414, ¶ 21 (App. 2000) ("To mandate an evidentiary hearing, the defendant's challenge must consist of more than conclusory assertions . . . .").

## CONCLUSION

**¶6**          For the foregoing reasons, we grant review but deny relief. [2]



AMY M. WOOD • Clerk of the Court
FILED:  AA

---

[2]      The notice and petition for review refer only to superior court case CR2011-100810-001. In his 2000 case, Duke plead guilty to theft, and he filed a notice of appeal over fourteen years after he was sentenced. Accordingly, this decision applies only to CR2011-100810-001.