NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

CARMEN SONIA RAMIREZ-MARTINEZ, *Petitioner*.

No. 1 CA-CR 15-0192 PRPC
FILED 3-21-2017

Petition for Review from the Superior Court in Maricopa County
No. CR2012-157074-001
The Honorable Robert L. Gottsfield, Judge *Retired*

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Susan L. Luder
*Counsel for Respondent*

Carmen Sonia Ramirez-Martinez, Goodyear
*Petitioner*

**MEMORANDUM DECISION**

Presiding Judge Randall M. Howe delivered the decision of the Court, in which Judge Lawrence F. Winthrop and Judge Jon W. Thompson joined.

**H O W E**, Judge:

**¶1** Carmen Sonia Ramirez-Martinez petitions this Court for review from the summary dismissal of her amended petition for post-conviction relief. We have considered the petition for review and, for the reasons stated, grant review but deny relief.

**¶2** Ramirez-Martinez pled guilty to shoplifting and received a stipulated sentence of 5 years' imprisonment. Ramirez-Martinez timely filed a petition for post-conviction relief. Ramirez-Martinez's appointed counsel then notified the trial court that he had reviewed the record but found no claims to raise in post-conviction proceedings. In her *pro se* petition for review, Ramirez-Martinez cursorily presents a laundry list of issues with little citation to authority, no application of any authority to the facts of her case, no citation to the record, and no direction to any material to support her factual allegations. Additionally, many of Ramirez-Martinez's claims have no application to her case, such as the claims premised on a nonexistent jury trial.

**¶3** Ramirez-Martinez's petition consequently warrants no relief. A petition for review must set forth specific claims, present sufficient argument supported by legal authority, and include citation to the record. Ariz. R. Crim. P. 32.9(c)(1)(iv) (petition must contain "[t]he reasons why the petition should be granted" and either an appendix or "specific references to the record."); Ariz. R. Crim. P. 32.9(c)(1)(ii) (petition must state "[t]he issues which were decided by the trial court and which the defendant wishes to present to the appellate court for review."); *State v. Rodriguez*, 227 Ariz. 58, 61 n.4 ¶ 12, 251 P.3d 1045, 1048 n.4 (App. 2010) (declining to address argument not presented in petition). "[C]ompliance with Rule 32 is not a mere formality." *Canion v. Cole*, 210 Ariz. 598, 600 ¶ 11, 115 P.3d 1261, 1263 (2005). A petitioner must "strictly comply" with Rule 32 to be entitled to relief. *Id.*

**¶4** Accordingly, although we grant review, we deny relief.



AMY M. WOOD • Clerk of the Court
FILED: AA