NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

JOAQUIN VILLARREAL, *Petitioner*.

No. 1 CA-CR 17-0205 PRPC
FILED 3-6-18

Petition for Review from the Superior Court in Maricopa County
No.  CR2014-147235-001
The Honorable Teresa A. Sanders, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Lisa Marie Martin
*Counsel for Respondent*

Joaquin Villarreal, Eloy
*Petitioner*

**MEMORANDUM DECISION**

Judge Jennifer B. Campbell delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Paul J. McMurdie joined.

**C A M P B E L L**, Judge:

**¶1**          Joaquin Villarreal petitions this court for review from the dismissal of his of-right petition for post-conviction relief ("PCR") filed pursuant to Arizona Rule of Criminal Procedure ("Rule") 32.1. We have considered the petition for review and, for the reasons stated, grant review, but deny relief.

**¶2**          In 2016, Villarreal pled guilty to possession or use of dangerous drugs with one prior felony conviction. As set forth in the plea agreement, Villarreal stipulated to an aggravated term of seven years' imprisonment, and the superior court sentenced him accordingly.

**¶3**          Villarreal timely commenced PCR proceedings. The superior court appointed counsel and after reviewing the record, she notified the court she had found no colorable claims for relief. Villarreal then filed a pro per PCR raising nineteen claims, which the superior court summarily dismissed. This petition for review followed.

**¶4**          Absent an abuse of discretion or error of law, this court will not disturb a superior court's ruling on a petition for post-conviction relief. *See State v. Gutierrez*, 229 Ariz. 573, 576-77, ¶ 19 (2012). It is the petitioner's burden to show that the superior court abused its discretion. *See State v. Poblete*, 227 Ariz. 537, 538, ¶ 1 (App. 2011) (petitioner has burden of establishing abuse of discretion on review).

**¶5**          On review, Villarreal argues that: (1) the superior court erred by finding claim numbers 3, 4, 5, 6, 7, 8, 9, 11, 15, and 18 waived upon entering the guilty plea; (2) the superior court erred by finding claim numbers 1, 2, 10, 12, 13, 14, 16, and 17 failed to present a colorable claim; (3) fundamental error "exists" in "all" his claims; (4) counsel was ineffective; and (5) the superior court erred by adopting the reasoning of the State's response. In his petition for review, Villarreal fails to: (1) identify specific claims for relief; (2) present fully and independently developed arguments; (3) refer to the record or otherwise describe any facts material to our review;

(4) cite any legal authority; and (5) explain how the court abused its discretion in rejecting his claims. Instead, Villarreal asks this court to "review de novo" the superior court's denial of his petition for post-conviction relief.

**¶6** As recently held by this court, however, the current Rule 32 procedure does not require independent review of the record for arguable issues or fundamental error. *See State v. Chavez*, 243 Ariz. 313, 318-19, ¶ 17 (App. 2017). Although Villarreal seemingly attempts to incorporate by reference the issues he raised in the PCR, those arguments were not presented in the petition for review and are not properly before this court. Ariz. R. Crim. P. 32.9(c)(1)(iv) (a petition must contain "[t]he reasons why the petition should be granted" and either an appendix or "specific references to the record," but "shall not incorporate any document by reference, except the appendices"); Ariz. R. Crim. P. 32.9(c)(1)(ii) (a petition must state "the issues which were decided by the trial court and which the defendant wishes to present to the appellate court for review"); *State v. Rodriguez*, 227 Ariz. 58, 61 n.4, ¶ 12 (App. 2010) (declining to address an argument not presented in petition).[1]

**¶7** "[C]ompliance with Rule 32 is not a mere formality." *Canion v. Cole*, 210 Ariz. 598, 600, ¶ 11 (2005). Indeed, a petitioner must "strictly comply" with Rule 32 to be entitled to relief. *Id.* (citation omitted). Therefore, all the issues Villarreal references in his petition for review are abandoned and waived because he failed to provide argument and citation to both legal authority and the record.

---

[1] Both Rule 32.9(c)(1)(iv) and 32.9(c)(1)(ii) were renumbered and placed Rule 32.9(c)(4)(B) after Villarreal filed his petition for review. Former Rule 32.9(c)(1)(iv) was materially amended to now require specific references to the record for each material fact, Ariz. R. Crim. P. 32.9(c)(4)(B)(iii). Therefore, we cite to Rule 32.9 as it was in effect in 2017, when Villarreal filed his petition for review.

¶8        Accordingly, we grant review, but deny relief.



AMY M. WOOD • Clerk of the Court
FILED:        JT