NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

JOSEPH ALEXIS DELACRUZ, *Petitioner*.

No. 1 CA-CR 18-0175 PRPC
FILED 8-23-2018

Petition for Review from the Superior Court in Coconino County
No. S0300CR201400426
The Honorable Michael R. Bluff, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Coconino County Attorney's Office, Flagstaff
By Marc Stanley
*Counsel for Respondent*

Joseph Alexis Delacruz, Florence
*Petitioner*

**MEMORANDUM DECISION**

Presiding Judge Diane M. Johnsen delivered the decision of the court, in which Judge Paul J. McMurdie and Judge David D. Weinzweig joined.

**J O H N S E N**, Judge:

¶1        Joseph Alexis Delacruz petitions this court for review of the dismissal of his petition for post-conviction relief under Rule 32 of the Arizona Rules of Criminal Procedure.  We have considered the petition for review and the response and, for the reasons stated, grant review and deny relief.[1]

¶2        Delacruz pled guilty to kidnapping, a Class 2 felony and domestic violence offense.  Although the State and Delacruz stipulated to the range of a possible term of incarceration, the parties agreed to imposition of probation instead of prison.

¶3        The plea agreement incorrectly stated the correct sentencing range for a non-dangerous, non-repetitive Class 2 felony.  The agreement stated that the felony to which Delacruz would plead "carries a minimum prison sentence of **4** years; a mitigated sentence of **3** years; a presumptive sentence of **5** years; a maximum sentence of **10** years; and an aggravated sentence of **8.75** years."  Before sentencing, the State moved to amend the plea agreement by replacing the incorrectly stated aggravated term of 8.75 years with the correct 12.5 years.  Defense counsel did not object, and the superior court granted the motion before suspending sentence and imposing a seven-year term of probation.  At the sentencing hearing, the court reminded Delacruz that the plea agreement had been amended to state that the possible aggravated sentence was 12.5 years, not 8.75 years. The court asked Delacruz if he understood that if he violated his probation, he could be sentenced to up to 12.5 years in prison, and Delacruz replied, "Yes, ma'am."  Delacruz did not file a timely notice of post-conviction relief from the entry of judgment and sentence. *See* Rule 32.4(a)(2)(C) ("a defendant must file the notice no later than 90 days after the entry of judgment and sentence.")

¶4        Roughly six weeks later, Delacruz's probation officer petitioned the court to revoke probation, alleging Delacruz violated his probation by failing to participate in domestic-violence treatment and using illegal drugs.  The court held a hearing at which Delacruz admitted the drug-use allegation.  Before Delacruz admitted the violation, the court informed him that under his amended plea agreement, he could be

---

[1]        In a separate filing, Delacruz argues the State's response to his petition was untimely because it was postmarked one day after the deadline.   The relevant date is the filing date, and the response was timely filed on the last day.

sentenced to up to 12.5 years in prison. The court asked Delacruz if he recalled receiving that warning from the court when it imposed probation. When Delacruz replied that he did not recall that admonition, the court offered to have a transcript prepared of that portion of the prior proceeding. The court then asked Delacruz whether he understood that if he admitted the probation violation, he could be sentenced to prison for between three and 12.5 years, and he replied that he understood. Upon Delacruz's admission to the probation violation, the court then revoked his probation and imposed a 10-year prison sentence. The court later ordered restitution in the amount of $7,782.31.

¶5        Delacruz filed a Rule 32 notice, and, in an ensuing petition, raised claims, including ineffective assistance of counsel, related to the incorrect sentencing range originally set forth in the plea agreement. Delacruz also claimed the court improperly failed to allow him the opportunity to withdraw from the plea agreement before amending the agreement to correct the possible sentencing range. The superior court summarily denied relief, finding Delacruz's claims related to the entry of the plea and the original sentencing were precluded because he failed to raise them in a timely petition for post-conviction relief. Regarding claims related to his admission to the probation violation disposition, the court found Delacruz had failed to raise a colorable claim. We review the court's decision for an abuse of discretion. *State v. Gutierrez*, 229 Ariz. 573, 577, ¶ 19 (2012).

¶6        On review, Delacruz asserts he "had major [ineffective counsel] throughout [the] court hearings." He complains his counsel "lied" to him and asserts he was "[coerced] and missled [sic]." Delacruz also states, "I never wanted to agree to the situation I'm in now[,]" and he claims his prison sentence is unlawful. Finally, Delacruz maintains the transcripts indicate he did not understand the potential prison sentence that could result from a probation violation.

¶7        Delacruz does not substantiate his claims with citations to the record or legal authority. *See* Ariz. R. Crim. P. 32.9(c)(4)(B)(iii), (iv) (requiring petitions for review to contain citations to the record and legal authority); *Canion v. Cole*, 210 Ariz. 598, 600, ¶ 11 (2005) (petitioner must "strictly comply" with Rule 32 to be entitled to relief). More importantly, Delacruz does not explain how the superior court erred in denying his petition for post-conviction relief; he merely makes cursory assertions that the court erred. *See State v. Bolton*, 182 Ariz. 290, 298 (1995) (claims not supported by argument or citation to the record are waived).

¶8　　　In any event, the record reflects that Delacruz knowingly, intelligently and voluntarily pled guilty pursuant to the amended agreement before the court imposed probation. Although he argues that the sentencing transcript demonstrates that he did not understand the amended plea agreement, during the earlier proceeding at which the court accepted his plea, Delacruz assured the court that he understood that the amendment increased the possible sentencing range. Having knowingly, intelligently and voluntarily consented to the amended agreement, Delacruz cannot complain that, after he violated probation, the court imposed a sentence consistent with the amended agreement. Moreover, Delacruz also understood at the revocation hearing several weeks later that he faced a possible 12.5-year prison term if the court found he violated a condition of probation. Finally, given the court's prior finding of aggravating circumstances, the sentence the court ultimately imposed is lawful. *See* Arizona Revised Statutes section 13-702(D) (2018).[2]

## CONCLUSION

¶9　　　Delacruz has failed to show that the superior court abused its discretion by denying his petition. Accordingly, although we grant review, we deny relief.



AMY M. WOOD • Clerk of the Court
FILED: AA

---

[2]　　　Absent material revision after the date of an alleged offense, we cite the current version of a statute or rule.