NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

MIGUEL ALVARADO RAMIREZ, SR., *Petitioner*.

No. 1 CA-CR 14-0208 PRPC
FILED 2-23-2017

Petition for Review from the Superior Court in Maricopa County
No. CR2004-015568-001
The Honorable Joseph C. Welty, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Susan L. Luder
*Counsel for Respondent*

Miguel Alvarado Ramirez, Sr., Florence
*Petitioner*

---

**MEMORANDUM DECISION**

Judge Paul J. McMurdie delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Patricia K. Norris joined.

---

**M c M U R D I E**, Judge:

**¶1** Petitioner Miguel Alvarado Ramirez, Sr. pled guilty to second degree murder and the superior court sentenced him to a presumptive term of sixteen years' imprisonment. Ramirez petitions this court for review from the partial summary dismissal of his second petition for post-conviction relief.[1] He also contends the trial court erred when it denied his motions to expand the record.[2]

**¶2** The trial court dismissed the petition for post-conviction relief in an order that clearly identified and correctly ruled upon the issues Ramirez raised. Further, the court did so in a thorough, well-reasoned manner that will allow any future court to understand the court's rulings. Under these circumstances, "[n]o useful purpose would be served by this court rehashing the trial court's correct ruling in a written decision." *State v. Whipple*, 177 Ariz. 272, 274 (App. 1993). Therefore, we adopt the trial court's ruling and deny relief.

**¶3** Regarding expansion of the record, "[Arizona Rule of Criminal Procedure 32] itself does not provide a process for obtaining

---

[1] The first petition for post-conviction relief was denied because the notice was not timely filed. Ramirez argued that the untimely filing was not his fault, and so the superior court allowed a second filing. In the second petition, counsel for Ramirez could not find a colorable claim. Counsel requested, and the superior court granted, counsel's request that Ramirez be allowed to file a supplemental petition. Ramirez filed the supplemental petition, and the State filed a response. Based on the supplemental petition, the superior court granted relief in part and credited Ramirez with an additional 166 days of presentence incarceration.

[2] The court granted Ramirez's first motion to expand the record. The supplemental motions to expand were in fact discovery motions. Based on the superior court's ruling on the petition, the discovery motions were moot.

discovery in [post-conviction relief] proceedings." *Canion v. Cole*, 210 Ariz. 598, 599, ¶ 7 (2005). While a superior court does have "inherent authority to grant discovery requests in [post-conviction relief] proceedings upon a showing of good cause[,]" *id.* at 600, ¶ 10, the trial court did not abuse its discretion when it held Ramirez failed to show good cause.

¶4        While the petition for review presents additional issues, Ramirez did not raise those issues in the petition for post-conviction relief he filed below. A petition for review may not present issues not first presented to the trial court. Ariz. R. Crim. P. 32.9(c)(1)(ii); *State v. Ramirez*, 126 Ariz. 464, 468 (App. 1980); *State v. Wagstaff*, 161 Ariz. 66, 71 (App. 1988); *State v. Bortz*, 169 Ariz. 575, 577–78 (App. 1991); *see also State v. Swoopes*, 216 Ariz. 390, 403, ¶ 41 (App. 2007); *State v. Smith*, 184 Ariz. 456, 459 (1996) (both holding there is no review for fundamental error in a post-conviction relief proceeding). Finally, we do not address the issues Ramirez first raised in his reply. *See State v. Watson*, 198 Ariz. 48, 51, ¶ 4 (App. 2000).

¶5        We grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA