NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

PAUL THOMAS VALDESPINO, *Petitioner.*

No. 1 CA-CR 15-0333 PRPC
FILED 4-25-2017

Petition for Review from the Superior Court in Maricopa County
No.  CR2011-149258-001
The Honorable M. Scott McCoy, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By David R. Cole
*Counsel for Respondent*

Paul Thomas Valdespino, San Luis
*Petitioner*

**MEMORANDUM DECISION**

Presiding Judge Margaret H. Downie delivered the decision of the Court, in which Judge Kenton D. Jones and Judge Donn Kessler joined.

**D O W N I E**, Judge:

¶1　　　　　Paul Thomas Valdespino petitions for review from the summary dismissal of his first petition for post-conviction relief. For the following reasons, we grant review but deny relief.

¶2　　　　　A jury found Valdespino guilty of misconduct involving weapons and the trial court sentenced him to 12 years' imprisonment. This Court affirmed Valdespino's conviction and sentence as modified on direct appeal. *State v. Valdespino*, 1 CA-CR 12-0724, 2014 WL 730134 (Ariz. App. Feb. 25, 2014) (mem. decision).

¶3　　　　　In his petition for review, Valdespino contends his second trial attorney was ineffective because he did not file a motion to suppress. We deny relief because Valdespino's petition for review identifies neither the evidence counsel should have sought to suppress nor the grounds upon which suppression was appropriate. Valdespino also does not identify any facts to support his claim or cite the record or legal authority in support of his claim. A petition for review must set forth specific claims, present sufficient argument supported by legal authority, and include citations to the record. Ariz. R. Crim. P. 32.9(c)(1)(iv) (Petition must contain "[t]he reasons why the petition should be granted" and either an appendix or "specific references to the record," but "shall not incorporate any document by reference, except the appendices."). "[C]ompliance with Rule 32 is not a mere formality." *Canion v. Cole*, 210 Ariz. 598, 600, ¶ 11 (2005). A petitioner must "strictly comply" with Rule 32 to be entitled to relief. *Id.* Nor will this court consider arguments or issues raised for the first time in a reply. *See State v. Watson*, 198 Ariz. 48, 51, ¶ 4 (App. 2000).

¶4　　　　　Even assuming Valdespino has properly presented for review the one issue he raised below, relief as to that issue is inappropriate. Valdespino argued in the superior court that both of his trial lawyers were ineffective because they did not move to suppress a handgun police officers seized from him. Valdespino cited *State v. Serna*, 235 Ariz. 270 (2014), which held that before an officer may frisk a suspect, he or she "must reasonably suspect both that criminal activity is afoot and that the suspect is armed and dangerous." 235 Ariz. at 275, ¶ 21. *Serna* further held that mere knowledge or suspicion that a suspect is carrying a firearm does not provide reasonable suspicion that the person is "presently dangerous." *Id.* at ¶ 22.

¶5　　　　　*Serna* was decided after Valdespino's conviction became final. Valdespino does not explain how *Serna* falls within either exception to the rule that "new rules generally should not be applied retroactively to cases

on collateral review." *Teague v. Lane*, 489 U.S. 288, 305 (1989). The exceptions are (1) if the new rule "places 'certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe,'" or (2) the rule "requires the observance of 'those procedures that . . . are implicit in the concept of ordered liberty.'" *Id.* at 307 (quoting *Mackey v. United States*, 401 U.S. 667, 692 (1971) and *Palko v. Connecticut*, 302 U.S. 319, 325 (1937), respectively).

¶6 More fundamentally, *Serna* is distinguishable because it involved a consensual encounter that was not based on any suspicion of criminal activity. *Id.* at ¶ 23. Here, however, Valdespino's encounter with law enforcement was not consensual, and officers had reasonable suspicion of criminal activity.

¶7 Police officers found a bicycle with its headlight still on parked outside the open garage door of a business. One of the officers knew the owner of the business and knew he lived alone on the premises. The officer also knew the owner had an order of protection against a woman that prohibited her from being on the property. The officer saw no vehicles suggesting that the owner was home. However, the officer did see a woman rummaging through the garage. He believed she may have been the subject of the order of protection. The officer contacted the woman, who possessed no identification but claimed she worked there. The officer knew a woman who worked at the business and knew the woman rummaging through the garage was not that person. The woman stated that the owner was somewhere on the premises. The officer went to look for him. He noticed that one of the doors of the business was open and that the interior was darker than normal. The officer stood in the doorway and called out for the owner, when he saw Valdespino. Valdespino stated he would get the owner, then began to walk away. The officer instructed Valdespino to stop and twice asked him to come outside before Valdespino complied.

¶8 When Valdespino came outside, the officer asked if he had any weapons, and Valdespino responded that he did. When the officer asked if he had a gun or a knife, Valdespino did not answer, but instead began to reach into his pants pocket. The officer commanded him to stop and then handcuffed Valdespino. The officer told Valdespino he was not under arrest and that he would be detained only until the owner could be located and could verify that Valdespino was properly on the premises. When the officer again asked what kind of weapon he had, Valdespino answered that he had a .25 caliber handgun. The officer then retrieved the gun. At that time, the officer suspected the woman and Valdespino were engaged in criminal activity. The officers eventually located the owner,

who verified that the woman and Valdespino had permission to be on the premises. By that time, however, the officers had determined that the gun retrieved from Valdespino was stolen and that both Valdespino and the woman had outstanding warrants.

¶9 We previously held on direct appeal that the officers had probable cause to be on the property based on their suspicion of criminal activity. *Valdespino*, 1 CA-CR 12-0724 at *2, ¶ 9. The evidence recited *supra* reflects that the officers had reasonable suspicion of not only criminal activity, but reasonable suspicion that Valdespino was armed and presently dangerous. A law enforcement officer may frisk a suspect if the law enforcement officer reasonably suspects there is criminal activity and that the suspect is armed and dangerous. *Serna*, 235 Ariz. at 275, ¶ 21. Under these circumstances, the trial lawyers were not ineffective by failing to file a motion to suppress the gun.

¶10 Valdespino also argues his first trial lawyer was ineffective because he used drugs and was suspended from the practice of law, reportedly while representing Valdespino. He also argues his second trial lawyer was ineffective by failing to file unidentified pretrial motions, develop a trial strategy or discuss strategy with Valdespino, and by failing to conduct an adequate investigation. We do not address these additional issues because Valdespino did not sufficiently raise them in the petition for post-conviction relief he filed below.[1] A petition for review may not present issues not first presented to the trial court. Ariz. R. Crim. P. 32.9(c)(1)(ii); *State v. Bortz*, 169 Ariz. 575, 577–78 (App. 1991); *State v. Wagstaff*, 161 Ariz. 66, 71 (App. 1988); *State v. Ramirez*, 126 Ariz. 464, 468 (App. 1980); *see also State v. Swoopes*, 216 Ariz. 390, 403, ¶ 41 (App. 2007); *State v. Smith*, 184 Ariz. 456, 459 (1996) (both holding there is no review for fundamental error in a post-conviction relief proceeding).

---

[1] While the factual background section of Valdespino's petition below did mention his first attorney's drug use and suspension as well as his second attorney's failure to file unidentified pretrial motions, he did not present these as separate issues on which he sought relief nor did he reference these matters in his argument in support of the one issue he did raise below. Merely mentioning a potential issue is not enough. *State v. Moody*, 208 Ariz. 424, 452 n.9, ¶ 101 (2004).

**CONCLUSION**

¶11　　　　For the reasons stated, we grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED:　AA