NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

FRANCISCO TORRES, *Petitioner.*

No. 1 CA-CR 15-0647 PRPC
FILED 7-27-2017

Petition for Review from the Superior Court in Navajo County
No. CR2012-00693
The Honorable Robert J. Higgins, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Navajo County Attorney's Office, Holbrook
By Bradley W. Carlyon, Galen Wilkes
*Counsel for Respondent*

Francisco Torres, Douglas
*Petitioner*

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which
Presiding Judge Samuel A. Thumma and Judge James P. Beene joined.

**W I N T H R O P**, Judge:

¶1          Francisco Torres petitions this court for review of the summary dismissal of his first petition for post-conviction relief. We have considered the petition for review and, for the reasons stated, grant review but deny relief.

¶2          A jury found Torres guilty of kidnapping, aggravated assault, and aggravated domestic violence. The trial court sentenced Torres to an aggregate term of 11.5 years' imprisonment, and this court affirmed his convictions and sentences on direct appeal. *State v. Torres*, 1 CA-CR 13-0756, 2014 WL 2767087 (Ariz. App. June 17, 2014) (mem. decision).

¶3          In his petition for review, Torres presents numerous issues and sub-issues, in which he argues (1) no reasonable jury could find him guilty beyond a reasonable doubt, (2) the State's prosecution was vindictive and malicious for numerous reasons, (3) the State offered and/or relied on several instances of perjured testimony, (4) the prosecutor repeatedly engaged in misconduct, and (5) both his trial and appellate counsel were ineffective for numerous reasons.[1]

¶4          We deny relief. The court that dismissed the petition for post-conviction relief presided over Torres' trial and all the material pretrial proceedings. The court dismissed the petition for post-conviction relief in an order that clearly identified and correctly ruled upon the issues raised. Further, the court did so in a thorough, well-reasoned manner that will allow any future court to understand the court's rulings. Under these circumstances, "[n]o useful purpose would be served by this court rehashing the trial court's correct ruling in a written decision." *State v. Whipple*, 177 Ariz. 272, 274, 866 P.2d 1358, 1360 (App. 1993). Therefore, we adopt the trial court's ruling and deny relief on the above issues.

¶5          Torres' petition for review also presents issues he did not raise below. We do not address these new issues because a petition for review may not present issues not first presented to the trial court. *See State v. Ramirez*, 126 Ariz. 464, 468, 616 P.2d 924, 928 (App. 1980); *State v. Wagstaff*, 161 Ariz. 66, 71, 775 P.2d 1130, 1135 (App. 1988), *modified on other grounds*, 164 Ariz. 485, 794 P.2d 118 (1990); *State v. Bortz*, 169 Ariz. 575, 577-78, 821 P.2d 236, 238-39 (App. 1991); Ariz. R. Crim. P. 32.9(c)(1)(ii). *See also State v.*

---

[1]     The order dismissing the petition for post-conviction relief addresses additional issues Torres does not present for review.

*Smith*, 184 Ariz. 456, 460, 910 P.2d 1, 5 (1996) (holding there is no review for fundamental error in a post-conviction relief proceeding); *State v. Swoopes*, 216 Ariz. 390, 403, ¶ 41, 166 P.3d 945, 958 (App. 2007) (same).

**¶6**        Finally, Torres' petition contains a list of issues he claims the trial court did not address, but for which he provides no supporting argument.  We deny relief on these issues because a petition for review must set forth specific claims, present sufficient argument supported by legal authority, and include citation to the record.  Ariz. R. Crim. P. 32.9(c)(1)(iv) (stating that the petition must contain "[t]he reasons why the petition should be granted" and either an appendix or "specific references to the record," but "shall not incorporate any document by reference, except the appendices"); Ariz. R. Crim. P. 32.9(c)(1)(ii) (stating that the petition must contain "[t]he issues which were decided by the trial court and which the defendant wishes to present to the appellate court for review"); *State v. Rodriguez*, 227 Ariz. 58, 61 n.4, ¶ 12, 251 P.3d 1045, 1048 n.4 (App. 2010) (declining to address an argument not presented in the petition for review). "[C]ompliance with Rule 32 is not a mere formality."  *Canion v. Cole*, 210 Ariz. 598, 600, ¶ 11, 115 P.3d 1261, 1263 (2005).  A petitioner must "strictly comply" with Rule 32 to be entitled to relief.  *Id.*

**¶7**        Accordingly, although we grant review, we deny relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA