IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

THE STATE OF ARIZONA,                )      2 CA-CR 2010-0227-PR
                                     )      DEPARTMENT B
                       Respondent,   )
                                     )      O P I N I O N
          v.                         )
                                     )
VICTOR MANUEL RODRIGUEZ,             )
                                     )
                       Petitioner.   )
                                     )

PETITION FOR REVIEW FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. CR20060030

Honorable Teresa Godoy, Judge Pro Tempore

REVIEW GRANTED; RELIEF DENIED

Barbara LaWall, Pima County Attorney
  By Jacob R. Lines                                             Tucson
                                                  Attorneys for Respondent

Law Office of Richard Luff, PLLC
  By Richard Luff                                               Tucson
                                                   Attorney for Petitioner

K E L L Y, Judge.

¶1 Petitioner Victor Rodriguez seeks review of the trial court's May 13, 2010, order denying his petition for post-conviction relief filed pursuant to Rule 32, Ariz. R. Crim. P. We will not disturb that ruling unless the court clearly has abused its discretion. *State v. Swoopes*, 216 Ariz. 390, ¶ 4, 166 P.3d 945, 948 (App. 2007).

¶2 Rodriguez was convicted after a jury trial of aggravated driving under the influence of intoxicating liquor (DUI) and aggravated driving with a blood alcohol concentration of .08 or more, committed on December 21, 2005. Rodriguez committed endangerment six years, eight months, and eleven days before his 2005 offenses. The state had asserted at trial, however, that the 1999 conviction fell within the five-year limitation of A.R.S. § 13-604(W)(2)(c) because the two years that Rodriguez had been incarcerated for his 2003 DUI conviction were excluded from the five-year computation. Upon finding he had historical prior felony convictions for endangerment in 1999 and aggravated DUI in 2003, the trial court sentenced him to enhanced, concurrent, presumptive prison terms of ten years for each conviction.

¶3 On appeal from those convictions and sentences, Rodriguez asserted his conviction for endangerment, committed on April 10, 1999, did not qualify as a historical prior felony under former § 13-604(W)(2)(c)[1] because it was committed more than five years before the date of his most-recent offenses. *State v. Rodriguez*, No. 2 CA-CR

---

[1]The Arizona criminal sentencing code has been amended and renumbered, *see* 2008 Ariz. Sess. Laws, ch. 301, §§ 1-120, effective "from and after December 31, 2008." *Id.* § 120. We refer in this decision to the statutes as they were worded and numbered at the time of Rodriguez's offenses. We note, however, that the term "historical prior felony conviction" is now defined by A.R.S. § 13-105(22) and is, in all relevant respects, identical to former § 13-604(W)(2). *See also* A.R.S. §§ 13-703, 13-704 (enhancing sentences for persons with historical prior felony convictions).

2007-0257 (memorandum decision filed Sep. 30, 2008); *see also* 2005 Ariz. Sess. Laws, ch. 188, § 1 (§ 13-604). Because he had not raised this claim in the trial court, however, we determined Rodriguez was "precluded" from raising it on appeal,[2] and we affirmed his convictions and sentences. *Rodriquez*, No. 2 CA-CR 2007-0257, ¶¶ 7-10.

¶4        Rodriguez then filed a petition for post-conviction relief, asserting his trial counsel had been ineffective in failing to raise the claim that his 1999 conviction had occurred more than five years before his current offenses. Rodriguez argued that evidence disclosed to his attorney showed he had been incarcerated for the 2003 offense for only eighteen months, rendering his 1999 conviction too remote to qualify as a historical prior felony under § 13-604(W)(2)(c). Had his trial counsel raised that argument, Rodriguez reasoned, he would have been sentenced to a lesser term. Rodriguez did not discuss in his petition any time spent incarcerated for his 1999 conviction.

¶5        The state agreed that Rodriguez had been incarcerated for only eighteen months for the 2003 DUI conviction. It asserted, however, that Rodriguez had been incarcerated for a total of 109 days for his endangerment conviction because he had been sentenced to a thirty-day jail term as a condition of probation in that case and had received no credit for the seventy-nine days he had been in jail prior to his sentencing.

---

[2]We found the claim precluded on appeal pursuant to *State v. Song*, 176 Ariz. 215, 860 P.2d 482 (1993), and *State v. Smith*, 217 Ariz. 308, 173 P.3d 472 (App. 2007). *Rodriquez*, No. 2 CA-CR 2007-0257, ¶¶ 7-10. Our supreme court later determined fundamental error review was appropriate in these circumstances, overruling *Song* and vacating *Smith* in *State v. Smith*, 219 Ariz. 132, ¶¶ 20-23, 194 P.3d 399, 403 (2008).

Thus, the state concluded, Rodriguez's 1999 conviction fell within the five-year period for purposes of § 13-604(W)(2)(c).

¶6        Relying on *State v. Derello*, 199 Ariz. 435, 18 P.3d 1234 (App. 2001), Rodriguez responded that the seventy-nine days he had spent in jail before his sentencing for the 1999 endangerment conviction should not be counted as excluded time under § 13-604(W)(2)(c) because it was not time spent incarcerated for a conviction. After an evidentiary hearing, the trial court determined the phrase, "[a]ny time spent . . . incarcerated" in § 13-604(W)(2)(c), included any presentence incarceration and that the prior conviction therefore had been properly relied on to enhance his sentence. Thus, the court concluded, Rodriguez's claim failed because he had not established his counsel's performance was deficient or that he was prejudiced.

¶7        On review, Rodriguez first asserts the state was precluded from arguing his endangerment conviction fell within § 13-604(W)(2)(c) because it had conceded on appeal the conviction was too remote. We disagree. The issue before the trial court and now before us on review is whether Rodriguez's trial counsel was ineffective, that is, whether his counsel's performance fell below an objectively reasonable professional standard and whether that deficient performance prejudiced him. *See Strickland v. Washington*, 466 U.S. 668, 669 (1984); *State v. Nash*, 143 Ariz. 392, 397, 694 P.2d 222, 227 (1985). In evaluating this question, whether his 1999 endangerment conviction fell within § 13-604(W)(2)(c) is relevant only insofar as it informs us if counsel should have made the argument Rodriguez asserts she should have made, and whether that argument would have accorded him any relief. The state's arguable concession in a later

4

proceeding is not relevant to whether his counsel was ineffective in failing to raise it at trial.

**¶8**          Even assuming, however, that Rodriguez's counsel was deficient in failing to point out Rodriguez had served only eighteen months in prison for his 2003 DUI instead of two years, we agree with the trial court that Rodriguez failed to demonstrate that failure prejudiced him. *See State v. Salazar*, 146 Ariz. 540, 541, 707 P.2d 944, 945 (1985) (defendant must prove both parts of *Strickland* test).   Rodriguez's argument depends on his assertion that the seventy-nine days he was in jail before he was sentenced for his 1999 conviction is not excluded time pursuant to § 13-604(W)(2)(c).   But Rodriguez identifies no statutory support for that interpretation.[3]   The statute provides that "[a]ny time" spent "incarcerated" is excluded.   § 13-604(W)(2)(c).   Nothing in its provisions limits the term "incarcerated" to mean only time spent in confinement as a result of conviction for a crime, nor is any such limitation inherent in the term itself.   A statute's plain language is the best indicator of the legislature's intent.   *State v. Streck*, 221 Ariz. 306, ¶ 7, 211 P.3d 1290, 1291 (App. 2009).   And we give that language its ordinary meaning "'unless a specific definition is given or the context clearly indicates that a special meaning was intended.'"   *State v. Jones*, 222 Ariz. 555, ¶ 14, 218 P.3d

---

[3]As we understand his argument, Rodriguez suggests the definition of "preconviction custody" in § 13-604(W)(3) distinguishes "incarceration" from other time during which a person is confined to jail.  We disagree.  That term is defined for the purpose of sentence enhancement for individuals who commit crimes after escape from preconviction custody.  It does not suggest a person in preconviction custody is not incarcerated for the purpose of § 13-604(W)(2)(c).

1012, 1016 (App. 2009), *quoting Trustmark Ins. Co. v. Bank One, Ariz., NA*, 202 Ariz. 535, ¶ 27, 48 P.3d 485, 491 (App. 2002).

**¶9** Additionally, we observe that our legislature's use of the term "incarcerated" in other statutes encompasses individuals in custody who have not necessarily been convicted of a crime. *See* A.R.S. § 31-331(5) (defining "[p]risoner" as "a person incarcerated in a detention facility who has been charged with or convicted of a misdemeanor, or a person incarcerated for nonpayment of a fine, for contempt or as a condition of probation for any criminal offense"); A.R.S. § 31-163(D) (referring to "incarcerated person" in custody of sheriff); A.R.S. § 36-731 (referring to persons "charged with crimes" as incarcerated). Rodriguez identifies nothing that would require a narrower definition of the term "incarcerated" in § 13-604(W)(2)(c) than that used elsewhere in our criminal code. *See State v. Ross*, 214 Ariz. 280, ¶ 22, 151 P.3d 1261, 1264 (App. 2007) (in analyzing statute, court should give meaning consistent with entire statutory scheme).

**¶10** Rodriguez argues, however, that this court's decision in *Derello* compels the conclusion that his seventy-nine days of preconviction incarceration should not have been excluded. In *Derello*, the defendant argued that, in determining if his crimes were historical prior felonies under § 13-604, the trial court could not exclude time incarcerated for other felonies. 199 Ariz. 435, ¶ 20, 18 P.3d at 1238. He reasoned the phrase "'[a]ny time spent incarcerated' refers only to time spent incarcerated for the specific offense the State seeks to use as an historical prior felony conviction." *Id.* We disagreed, concluding the phrase clearly included "all time that a defendant spent in

6

prison, regardless of whether that incarceration was for the particular prior conviction at issue or for some other crime." *Id.* ¶ 22. Rodriguez seizes upon this phrase to argue the term "incarcerated" in § 13-604(W)(2)(c) includes only time spent in prison as a result of a conviction for a crime and not time spent confined prior to sentencing.

¶11            But *Derello* does not address the issue of presentence incarceration, and we had no reason to consider in deciding that appeal whether the term "incarcerated" in § 13-604 would include such confinement. Thus, to the extent that *Derello*'s statement that time excluded under § 13-604 includes incarceration "for some other crime" supports Rodriguez's argument, it is not controlling. Moreover, we noted in *Derello* that the legislature "intended to punish repetitive offenders more severely than first time offenders," and that "[e]xcluding time spent incarcerated is more reflective of repetitive offender status because a defendant is more able and apt to commit crimes . . . while out of prison rather than in prison." *Id.* ¶ 23. That reasoning applies with equal force to presentence incarceration. For the foregoing reasons, we conclude the term "incarcerated" in § 13-604(W)(2)(c) includes any period of time a defendant is in presentence custody. Thus, that period is excluded when determining whether a previous offense had been committed within five years of the commission of the current offense and therefore qualifies as a historical prior felony conviction.

¶12            Rodriguez identifies no other basis to conclude that his presentence incarceration should not be excluded time under § 13-604(W)(2)(c).[4] Accordingly, he

---

[4]Although Rodriguez suggested below that excluding the seventy-nine days "raises an equal protection issue under both the First and Fourteenth Amendments" on

7

has not met his burden of demonstrating he was prejudiced by his counsel's failure to point out at sentencing that his prison term for his 2003 DUI had been eighteen months rather than the two years the state had asserted. Although we grant Rodriguez's petition for review, we deny relief.

/s/ *Virginia C. Kelly*
VIRGINIA C. KELLY, Judge

CONCURRING:

/s/ *Garye L. Vásquez*
GARYE L. VÁSQUEZ, Presiding Judge

/s/ *Peter J. Eckerstrom*
PETER J. ECKERSTROM, Judge

---

the ground that he was incarcerated only because he could not post bond, he does not raise this argument in his petition for review and we therefore do not address it. *See generally* Ariz. R. Crim. P. 32.9.

8