NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

CHRISTOPHER JOHN WELLS, *Petitioner*.

No. 1 CA-CR 13-0882 PRPC
FILED 6-4-2015

Appeal from the Superior Court in Maricopa County
No. CR2010-160189-001
The Honorable Christopher T. Whitten, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Christopher John Wells, Buckeye
*Petitioner*

---

**MEMORANDUM DECISION**

Judge Donn Kessler delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Samuel A. Thumma joined.

---

**K E S S L E R, Judge**:

**¶1**         Christopher John Wells petitions this Court for review from the dismissal of his petition for post-conviction relief. We have considered the petition for review and, for the reasons stated, grant review and deny relief.

**¶2**         Wells pled guilty to armed robbery and aggravated assault. The trial court sentenced him to an aggregate term of 9.25 years' imprisonment as stipulated in the plea agreement. Wells seeks review of the summary dismissal of his first untimely petition for post-conviction relief. We have jurisdiction pursuant to Arizona Revised Statutes section 13-4239(C) (2010). *See also* Ariz. R. Crim. P. 32.9(c).

**¶3**         Wells contends his aggravated sentence of 9.25 years' imprisonment for armed robbery is illegal because the trial court, rather than a jury, determined the existence of aggravating circumstances for sentencing purposes. He also contends his trial counsel was ineffective.

**¶4**         Wells could have raised both of these issues in a timely petition for post-conviction relief of-right pursuant to Arizona Rule of Criminal Procedure 32.1. *See* Ariz. R. Crim. P. 32.4(a) (notice of petition for post-conviction relief in "a Rule 32 of-right proceeding" must be filed within ninety days after the entry of judgment). Any claim a defendant could have raised in an earlier post-conviction relief proceeding is precluded. Ariz. R. Crim. P. 32.2(a). Although Wells asserts he is entitled to raise these issues in an untimely manner, *see* Ariz. R. Crim. P. 32.2(b), based on a significant change in the law, *see* Ariz. R. Crim. P. 32.1(g), Wells has failed to present a colorable claim because he does not identify or otherwise explain the change in the law. Regarding the claim of ineffective assistance of counsel, Wells has also failed to present a colorable claim for relief because he does not explain how his counsel was ineffective.

**¶5**         If Wells meant to incorporate by reference the issues and arguments he presented below in his petition for post-conviction relief

rather than making the arguments in his petition for review, he may not do so. Ariz. R. Crim. P. 32.9(c)(1)(iv) (requiring petition for review contain "[t]he reasons why the petition should be granted" and either an appendix or "specific references to the record," but "shall not incorporate any document by reference, except the appendices"); Ariz. R. Crim. P. 32.9(c)(1)(ii) (requiring petition for review state "the issues which were decided by the trial court and which the defendant wishes to present to the appellate court for review"); *State v. Rodriguez,* 227 Ariz. 58, ¶ 12 n.4, 251 P.3d 1045, 1048 n.4 (App. 2010) (declining to address argument not raised in petition for review).

**¶6**　　　　We grant review and deny relief.



**Ruth A. Willingham** · **Clerk of the Court**
F I L E D : ama