NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

LEO VERDIE BAGLEY, *Petitioner*.

No. 1 CA-CR 15-0247 PRPC
FILED 1-24-2017

Petition for Review from the Superior Court in Maricopa County
No.  CR2013-419343-001
The Honorable John R. Ditsworth, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Amanda M. Parker
*Counsel for Respondent*

Leo Verdie Bagley, Kingman
*Petitioner Pro Se*

**MEMORANDUM DECISION**

Judge Margaret H. Downie delivered the decision of the Court, in which
Presiding Judge Diane M. Johnsen and Judge James P. Beene joined.

**D O W N I E**, Judge:

**¶1**        Leo Verdie Bagley petitions for review from the summary dismissal of his petition for post-conviction relief.   For the following reasons, we grant review but deny relief.

**¶2**        Bagley pleaded guilty to shoplifting with two or more predicate offenses and one prior historical felony conviction.  The superior court sentenced him to a stipulated term of six years' imprisonment.

**¶3**        Although Bagley lists several arguments in his petition, only two are adequately developed for appellate review.  Bagley argues the Phoenix municipal court, not the superior court, had jurisdiction because he committed the shoplifting offense while on probation for a conviction arising out of the municipal court.  Bagley further contends the superior court lacks jurisdiction to enter a conviction or to sentence him for felony shoplifting because his predicate offenses were misdemeanors.

**¶4**        Bagley admitted in the superior court that on the date of the offense, and within the jurisdiction of the superior court, he committed shoplifting by entering an establishment that displayed merchandise for sale and knowingly taking merchandise with the intent to deprive the establishment of that merchandise.  He further admitted that he had two or more predicate shoplifting offenses within two years of that offense, which made the charged offense a class 4 felony.  *See* Ariz. Rev. Stat. ("A.R.S.") § 13-1805(I).  Section 13-1805 does not require that the predicate offenses be felonies.

**¶5**        The superior court has jurisdiction over criminal cases that involve felony offenses.  Ariz. Const. art. 6, § 14.

**¶6**        Bagley attempts to incorporate by reference other issues and arguments that are not set forth in his petition for review.  However, a petition for review may not present issues through incorporation by reference.  Ariz. R. Crim. P. 32.9(c)(1)(iv) (Petition must contain "[t]he reasons why the petition should be granted" and either an appendix or "specific references to the record," but "shall not incorporate any document by reference, except the appendices."); Ariz. R. Crim. P. 32.9(c)(1)(ii) (Petition must state "[t]he issues which were decided by the trial court and which the defendant wishes to present to the appellate court for review."); *State v. Rodriguez*, 227 Ariz. 58, 61 n.4, ¶ 12 (App. 2010) (declining to address argument not presented in petition).

¶7        For the foregoing reasons, we grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA