NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

MATTHEW MORENO, *Petitioner*.

No. 1 CA-CR 15-0289 PRPC
FILED 2-16-2017

Petition for Review from the Superior Court in Maricopa County
No. CR2010-123998-001
The Honorable Janet E. Barton, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By E. Catherine Leisch
*Counsel for Respondent*

Matthew Moreno, Buckeye
*Petitioner*

---

**MEMORANDUM DECISION**

Judge Patricia K. Norris delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Paul J. McMurdie joined.

---

**N O R R I S**, Judge:

¶1        Petitioner Matthew Moreno petitions this court for review from the summary dismissal of his petition for post-conviction relief of-right. We grant review, but deny relief.

¶2        Moreno pled guilty to second degree murder and arson of an occupied structure. The superior court sentenced Moreno to an aggravated term of 22 years' "flat time" for second degree murder and a consecutive, aggravated term of 12.5 years' for arson, as stipulated in the plea agreement.

¶3        In his petition for review, Moreno first argues the superior court should have given him a "mitigation/aggravation hearing." Although a defendant has a right to a pre-sentence hearing if he or she requests one, Ariz. R. Crim. P. 26.7(a), the record does not reflect Moreno, who was represented by counsel throughout the proceedings, requested a pre-sentence hearing. Therefore, he was not entitled to a pre-sentence hearing. Further, the sentencing transcript shows the superior court took Moreno's age and his lack of criminal history into account when sentencing him. The superior court stated, "[W]hile there is clearly mitigation in this case, which would be the defendant's age and his lack of a criminal history, I simply could not find that the mitigation in this case outweighed the aggravation in light of the brutality and violence that was involved in this event."

¶4        Additionally, before the superior court accepted Moreno's guilty plea, it advised him that if he pled guilty the court, and not a jury, would determine any aggravating factors. Specifically, at the change-of-plea hearing the superior court informed Moreno, "You are giving up your right to a jury trial and the right to have a jury determine . . . any factors that could aggravate your sentence. The Court will now determine aggravating factors, if any." Moreno then confirmed he understood that by pleading guilty he was giving up his right to have a jury determine any aggravating factors. Thus, Moreno waived his right to a hearing on any aggravating factors. *Cf. State v. Brown*, 212 Ariz. 225, 229, ¶¶ 16-18, 129 P.3d

947, 951 (2006) (defendant entitled to jury trial on aggravating factors because he expressly reserved right to challenge aggravating factors in plea agreement).

**¶5**　　　Moreno next argues his aggravated, consecutive sentences are too harsh because of his minimal participation in the crime. Moreno stipulated to the aggravated, consecutive sentences, his sentences are within the available range of punishment, and at the change-of-plea hearing he admitted he helped beat the victim and set the victim's house on fire. *See* Ariz. Rev. Stat. ("A.R.S.") § 13-710(A) (Supp. 2016) (sentences for second degree murder); A.R.S. § 13-702(D) (2010) (sentences for class 2 felony for first time offender); A.R.S. § 13-1704(B) (2010) (arson of an occupied structure is a class 2 felony); A.R.S. § 13-711(A) (2010) (imposition of consecutive sentences).[1] Therefore, we reject this argument.

**¶6**　　　Moreno also argues his post-conviction relief counsel was ineffective when he failed to raise these issues and instead filed a notice that he had been unable to find any colorable claims for post-conviction relief. Because these claims are not colorable, however, post-conviction counsel was not ineffective in not raising them.

**¶7**　　　Finally, while Moreno's petition for review briefly mentions additional claims of ineffective assistance of counsel, he provides no substantive argument, no citation to or application of legal authority and no citation to the record to support those claims. "Merely mentioning an argument is not enough . . . ." *State v. Moody*, 208 Ariz. 424, 452 n.9, ¶ 101, 94 P.3d 1119, 1147 n.9 (2004) (citation omitted). If Moreno meant to incorporate by reference the issues and arguments he made in the superior court, he may not do so. A petition for review may not present issues through mere incorporation by reference. Ariz. R. Crim. P. 32.9(c)(1)(iv) (petition must contain "[t]he reasons why the petition should be granted" and either an appendix or "specific references to the record," but "shall not incorporate any document by reference, except the appendices"); Ariz. R. Crim. P. 32.9(c)(1)(ii) (petition must state "the issues which were decided by the trial court and which the defendant wishes to present to the appellate court for review"); *State v. Rodriguez*, 227 Ariz. 58, 61 n.4, ¶ 12, 251 P.3d 1045,

---

[1]With one exception we have cited to the statutes in effect as of the date of Moreno's offense. The Legislature amended A.R.S. § 13-710, in 2012, but the amendment is immaterial to this decision.

1048 n.4 (App. 2010) (declining to address argument not presented in petition).[2]

**¶8**        Thus, for the foregoing reasons, although we grant review, we deny relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA

---

[2]The superior court addressed but rejected the additional arguments Moreno failed to properly present to this court.