NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

PATRICK CASEY MCAULEY, *Petitioner*.

No. 1 CA-CR 15-0053 PRPC
FILED 2-28-2017

Petition for Review from the Superior Court in Maricopa County
No. CR1991-000922
The Honorable Karen A. Mullins, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane M. Meloche
*Counsel for Respondent*

Patrick Casey McAuley, Tucson
*Petitioner*

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Jon W. Thompson joined.

**W I N T H R O P**, Judge:

¶1          Petitioner, Patrick Casey McAuley, petitions this court for review of the summary dismissal of his fifth successive post-conviction relief proceeding.  In 1992, a jury found McAuley guilty of the first degree murder of his wife.  The trial court sentenced McAuley to imprisonment for life without the possibility of release for twenty-five years, and we affirmed his conviction and sentence on direct appeal.

¶2          McAuley argues that a report by the National Academy of Sciences constitutes newly discovered evidence.  We deny relief because McAuley failed to present a colorable claim for relief.  McAuley does not identify the report, does not identify or address the subject or contents of the report, and does not otherwise explain how the report has any relevance to his case.

¶3          We recognize McAuley provided more information in his petition for post-conviction relief below.[1]  Below, McAuley argued that the report, "Strengthening Forensic Science in the United States: A Path Forward," was relevant to expert testimony regarding analysis of "fiber, tire and shoeprint" evidence.  McAuley, however, did not provide a copy of the report; he simply quoted a portion of the report that suggested there were two factors that should underlie the admission of and reliance upon forensic evidence in criminal trials: "(1) the extent to which a particular forensic discipline is founded on reliable scientific methodology that gives it the capacity to accurately analyze evidence and report findings, and (2) the extent to which practitioners in a particular forensic discipline rely on human interpretation that could be tainted by error, the threat of bias, or the absence of sound operational procedures and robust performance

---

[1]          We ordinarily decline to consider materials a defendant attempts to incorporate into a petition for review by mere reference, and a petition for review may not incorporate by reference any issue or argument; instead, the petition must set forth specific claims, present sufficiently supported argument, and include citations to the record.  *See* Ariz. R. Crim. P. 32.9(c)(1)(iv) (stating that the petition must contain "[t]he reasons why the petition should be granted" and either an appendix or "specific references to the record," but "shall not incorporate any document by reference, except the appendices"); Ariz. R. Crim. P. 32.9(c)(1)(ii) (stating that the petition must contain "[t]he issues which were decided by the trial court and which the defendant wishes to present to the appellate court for review"); *State v. Rodriguez*, 227 Ariz. 58, 61 n.4, ¶ 12, 251 P.3d 1045, 1048 n.4 (App. 2010) (declining to address an argument not presented in the petition for review).

standards." Further, McAuley did not identify any expert witness testimony or other evidence at issue, nor did he otherwise explain how these two factors called into question the reliability of any evidence, analysis, or opinion. Therefore, he failed to present a colorable claim for relief, even in light of the additional information and arguments he provided below.

¶4 Accordingly, we grant review, but deny relief.



AMY M. WOOD • Clerk of the Court
FILED: AA