NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

THOMAS HOWARD WARNER, *Petitioner*.

No. 1 CA-CR 15-0616 PRPC
FILED 10-19-2017

Petition for Review from the Superior Court in Maricopa County
No. CR2012-108952-001
The Honorable Roland J. Steinle, III, Judge *Retired*

**REVIEW GRANTED AND RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Gerald R. Grant
*Counsel for Respondent*

Thomas Howard Warner, Florence
*Petitioner*

**MEMORANDUM DECISION**

Presiding Judge Randall M. Howe delivered the decision of the Court, in which Judge Peter B. Swann and Judge Maria Elena Cruz joined.

**H O W E**, Judge:

¶1        Thomas Howard Warner petitions this Court for review from the summary dismissal of his petition for post-conviction relief of-right. Warner pled guilty to sexual exploitation of a minor and two counts of attempted sexual exploitation of a minor, all dangerous crimes against children. The charges were based on Warner's admitted possession of images of children under the age of 15 engaged in sexual conduct. The trial court sentenced Warner to ten years' imprisonment for sexual exploitation and placed him on lifetime probation for both counts of attempted sexual exploitation. Warner timely petitioned for post-conviction relief. The trial court summarily dismissed the petition pursuant to Arizona Rule of Criminal Procedure 32.6(c).

¶2        Warner argues on review that the trial court erred by summarily dismissing his petition without an evidentiary hearing. Warner argues that he demonstrated a colorable claim that entitled him to relief. "A decision as to whether a petition for post-conviction relief presents a colorable claim is, to some extent, a discretionary decision for the trial court." *State v. D'Ambrosio*, 156 Ariz. 71, 73 (1988). An appellate court will reverse a trial court's summary dismissal only if an abuse of discretion affirmatively appears. *State v. Watton*, 164 Ariz. 323, 325 (1990).

¶3        Warner argues on review that prosecutors engaged in misconduct during the grand jury proceedings. We deny relief on this issue because Warner waived it when he pled guilty. A plea agreement waives all non-jurisdictional defenses, errors, and defects which occurred before the plea. *State v. Moreno*, 134 Ariz. 199, 200 (App. 1982). The waiver of non-jurisdictional defects includes deprivations of constitutional rights. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

¶4        Warner also argues that the offenses are not dangerous crimes against children because there were no actual victims. As charged and convicted in this case, a person commits sexual exploitation of a minor if the person knowingly distributes, transports, exhibits, receives, sells, purchases, electronically transmits, possesses or exchanges "any visual depiction in which a minor is engaged in exploitive exhibition or other sexual conduct." A.R.S. § 13–3553(A)(2). Sexual exploitation of a minor under the age of 15 is punishable as a dangerous crime against children pursuant to A.R.S. § 13–705. A.R.S. § 13–3553(C). Attempted sexual exploitation of a minor under the age of 15 is also punishable as a dangerous crime against children. A.R.S. § 13–705(D), (J), and (O). As noted above, Warner admitted he possessed images of children under the age of 15

engaged in sexual conduct. Therefore, the offenses to which he pled guilty were dangerous crimes against children as defined by Arizona law.

¶5        Warner next argues that he has a variety of mental health issues that would have been "defenses" to the charges, some of which defense counsel failed to investigate during the pretrial phase and some of which are newly discovered evidence. We deny relief on this issue because Warner failed to present any evidence that he suffers from any mental health issue, let alone any issue that would constitute a legal defense to the charges or have any effect on his sentences.[1] We also deny relief because Warner attempts to present and argue this issue by simply referring this Court to the petition he filed below. A petition for review may not incorporate by reference any issue or argument. The petition must set forth specific claims, present sufficient argument supported by legal authority, and include citation to the record. Ariz. R. Crim. P. 32.9(c)(1)(ii) (petition must state "[t]he issues which were decided by the trial court and which the defendant wishes to present to the appellate court for review"); Ariz. R. Crim. P. 32.9(c)(1)(iv) (petition must contain "[t]he reasons why the petition should be granted" and either an appendix or "specific references to the record," but "shall not incorporate any document by reference, except the appendices"); *State v. Rodriguez*, 227 Ariz. 58, 61 n.4 ¶ 12 (App. 2010) (declining to address argument not presented in petition).

¶6        Finally, Warner claims that defense counsel coerced Warner into accepting the plea offer; the State, trial court, and defense counsel collaborated and conspired against Warner; and the trial court was biased against Warner. We deny relief on these issues because Warner did not raise them in the petition for post-conviction relief he filed below. A petition for review may not present issues not first presented to the trial court. Ariz. R. Crim. P. 32.9(c)(1)(ii); *State v. Bortz*, 169 Ariz. 575, 577 (App. 1991); *See also State v. Swoopes*, 216 Ariz. 390, 403 ¶ 41 (App. 2007) (holding that there is no review for fundamental error in a post-conviction relief proceeding).[2]

---

[1]        The ten-year prison sentence was the minimum sentence available for sexual exploitation of a minor. A.R.S. § 13–705(D).

[2]        Warner raised new issues in the two replies he filed below, but the trial court limited its decision to the issues in Warner's petition for post-conviction relief and the State's response.

¶7        Accordingly, we grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED: AA