NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

LORENZO A. POGUE-FUENTES, *Petitioner*.

No. 1 CA-CR 16-0823 PRPC
FILED 12-19-2017

Petition for Review from the Superior Court in Maricopa County
No. CR2004-134918-001
The Honorable George H. Foster, Jr., Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Lorenzo A. Pogue-Fuentes, Florence
*Petitioner*

**MEMORANDUM DECISION**

Judge Diane M. Johnsen delivered the decision of the court, in which Presiding Judge Lawrence F. Winthrop and Judge Maria Elena Cruz joined.

**J O H N S E N**, Judge:

¶1   Lorenzo A. Pogue-Fuentes petitions this court for review from the dismissal of his petition for post-conviction relief, filed pursuant to Arizona Rule of Criminal Procedure 32. We have considered the petition for review and, for the reasons stated, grant review but deny relief.

¶2   Pogue-Fuentes pled guilty to second-degree murder and aggravated assault. He entered the plea agreement after being found competent under Rule 11. At the change-of-plea hearing, Pogue-Fuentes testified he was taking anti-depressant medication at the time, and the court found he entered the plea knowingly, intelligently and voluntarily.[1] Before he was sentenced, Pogue-Fuentes moved to withdraw from the plea, asserting he was not competent at the time the plea was entered and that he wanted to present a defense at trial. Pogue-Fuentes then was evaluated for competency. After a hearing, the court found him incompetent and ordered him committed to the Maricopa County Correctional Health Services Restoration Program. Eventually, Pogue-Fuentes was restored and found competent. He then filed another motion asking to withdraw from the plea agreement, in which he asserted he had mistakenly believed he would serve only the minimum term and that he could withdraw from the agreement at any time. The court denied his motion and later sentenced him per the plea agreement to concurrent sentences, the longer of which was 18.5 years.

¶3   Pogue-Fuentes filed a timely notice of post-conviction relief in July 2008. In a subsequent filing, he claimed he had not been competent to accept the plea agreement. The court appointed counsel for him, but the lawyer subsequently filed a notice that she was unable to identify any

---

[1]  A thorough plea colloquy was held, in which Pogue-Fuentes testified he understood the sentencing range he faced, accepted the factual basis for the plea and stated he had not been coerced or had additional promises made to him. Pogue-Fuentes further acknowledged that he was taking anti-depressant medication but that he had no side effects that prevented him from understanding the agreement. After his lawyer stated the factual basis for his plea, Pogue-Fuentes testified he did commit the acts his lawyer had described, although he added that the man he stabbed to death had "raised a beer bottle before I stabbed him . . . and he attempted to strike me with the beer bottle." The court told Pogue-Fuentes that he would not be allowed to withdraw from the plea, absent manifest injustice; Pogue-Fuentes assented to that condition after a brief discussion with his counsel.

claims for relief. The court then granted an extension of 45 days to allow Pogue-Fuentes to file a *pro se* petition. Within that period, Pogue-Fuentes filed a document titled "Notice of Completion of Post Conviction Review by Counsel; Request for 45 Day Extension of time to Allow Defendant to File Proper Petition for Postconviction Relief," in which he alleged the prosecution fabricated evidence against him. Perhaps misled by the name of the filing, the superior court dismissed his notice, ruling that the deadline had passed without the filing of a petition.

¶4            In December 2009, Pogue-Fuentes filed another notice of post-conviction relief. He alleged he was not taking his prescribed psychiatric medications when he agreed to plead guilty and claimed actual innocence, asserting that the killing was done in self-defense and was justifiable, and that the prosecution fabricated evidence against him. The superior court summarily dismissed the petition as untimely.

¶5            In 2016, the superior court reinstated the first Rule 32 proceeding, ruling that proceeding should not have been dismissed as untimely. The State filed a response, and Pogue-Fuentes filed several documents that the court considered together as his reply. The court summarily dismissed the petition, ruling that Pogue-Fuentes had failed to allege any claims for which Rule 32 could provide relief. Pogue-Fuentes then filed this petition for review.

¶6            Whether to grant post-conviction relief pursuant to Rule 32 is within the discretion of the superior court. *State v. Schrock*, 149 Ariz. 433, 441 (1986). An abuse of discretion occurs if the superior court makes an error of law or fails to adequately investigate the facts necessary to support its decision. *State v. Wall*, 212 Ariz. 1, 3, ¶ 12 (2006).

¶7            A petition for review must set forth specific claims, present sufficient argument supported by legal authority and include citation to the record. Ariz. R. Crim. P. 32.9(c)(1)(iv) (petition must contain "[t]he reasons why the petition should be granted" and either an appendix or "specific references to the record," but "shall not incorporate any document by reference, except the appendices"); Ariz. R. Crim. P. 32.9(c)(1)(ii) (petition must state "[t]he issues which were decided by the trial court and which the defendant wishes to present to the appellate court for review"); *State v. Rodriguez*, 227 Ariz. 58, 61, ¶ 12, n.4 (App. 2010) (declining to address argument not presented in petition).

¶8            Pogue-Fuentes argues that although he stabbed one of the victims three times (allegedly in self-defense), the evidence was "botched or

tampered" with by an investigator, with the result that the medical examiner reported the victim sustained seven stab wounds. He argues evidence of the additional four wounds was "planted" to undermine his claim of self-defense. As the superior court found, however, to the extent Pogue-Fuentes means to argue that the evidence was newly discovered pursuant to Rule 32.1(e), that claim fails because Pogue-Fuentes's "account makes clear that he and counsel knew about the allegations of seven stab wounds and [his own] allegation that he stabbed each victim three times." (The court also observed that the existence of seven wounds "does not necessarily establish that someone tampered with evidence" because it is possible that the medical examiner identified wounds that police at the crime scene did not see.)

**¶9** To the extent that Pogue-Fuentes is claiming actual innocence, the superior court did not abuse its discretion in denying the claim because the court correctly found that Pogue-Fuentes had not proven by clear and convincing evidence that, based upon the facts presented, a reasonable factfinder could not have found him guilty of the underlying offenses. *See* Rule 32.1(h); *State v. Gutierrez*, 229 Ariz. 573, 580, ¶ 34 (2012). Specifically, although Pogue-Fuentes asserts that if he only stabbed the victim three times, that "proves" self-defense, a reasonable factfinder could conclude that Pogue-Fuentes lacked a viable claim of self-defense and was criminally responsible for the victim's death.

**¶10**  Any other claims Pogue-Fuentes raised in the superior court but did not address in his petition for review are deemed waived and we will not address them. *State v. Smith*, 184 Ariz. 456, 459 (1996) (no fundamental error review required in post-conviction relief proceeding).

**¶11**  For the reasons stated, we grant review but deny relief.[2]



AMY M. WOOD • Clerk of the Court
FILED: AA

---

[2]  In ruling on Pogue-Fuentes's petition for review, the court has received and considered his filing in this court dated November 22, 2017.