NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

———————————————

STATE OF ARIZONA, *Respondent*,

*v.*

TERRELL ARTIST DONALD, *Petitioner*.

No. 1 CA-CR 18-0619 PRPC
FILED 3-14-2019

———————————————

Petition for Review from the Superior Court in Maricopa County
No. CR2017-103477-002
The Honorable Jay R. Adleman, Judge

**REVIEW GRANTED; RELIEF DENIED**

———————————————

APPEARANCES

Maricopa County Attorney's Office, Phoenix
By Adena J. Astrowsky
*Counsel for Respondent*

Terrell Artist Donald, Kingman
*Petitioner*

---

## MEMORANDUM DECISION

Presiding Judge James P. Beene delivered the decision of the Court, in which Judge Michael J. Brown and Judge James B. Morse Jr. joined.

---

**B E E N E**, Judge:

¶1      Petitioner Terrell Artist Donald petitions this Court for review from the dismissal of his petition for post-conviction relief. We have considered the petition for review and, for the reasons stated, grant review and deny relief.

## FACTS AND PROCEDURAL HISTORY

¶2      Donald pled guilty to one count of sexual assault and two counts of attempted sexual assault. As stipulated in the plea agreement, the superior court sentenced Donald to the slightly aggravated term of 8 years' imprisonment, to be followed by lifetime probation with sex offender terms.

¶3      Donald filed a timely of-right petition for post-conviction relief after his counsel found no colorable claims for relief. The superior court summarily dismissed the petition, and Donald now seeks review. We have jurisdiction pursuant to Arizona Rule of Criminal Procedure 32.9(c) and Arizona Revised Statutes section 13-4239(C).

## DISCUSSION

¶4      In his petition for review, Donald argues (1) he received ineffective assistance of counsel; (2) he did not voluntarily enter the plea agreement; (3) his case should have been severed from that of his co-defendant; and (4) other claims incorporated only by reference.

¶5      We deny relief. By entering a plea agreement, Donald waived "all non-jurisdictional defenses, errors, and defects" which occurred prior to the plea. *State v. Moreno*, 134 Ariz. 199, 200 (App. 1982). The waiver of non-jurisdictional defects includes alleged constitutional rights violations, *Tollett v. Henderson*, 411 U.S. 258, 267 (1973), and claims of ineffective assistance of counsel not directly related to the entry of the plea, *State v. Quick*, 177 Ariz. 314, 316 (App. 1993). Thus, Donald waived any claims associated with the severance of his case from that of his co-defendant.

**¶6**　　　　To the extent the claim of ineffective assistance of counsel is directly related to the plea agreement, Donald failed to show that counsel's performance fell below objectively reasonable standards or that counsel's deficient performance caused him prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *State v. Nash*, 143 Ariz. 392, 397 (1985). Donald provides little detail regarding his claim of ineffective assistance of counsel, merely alleging that counsel provided deficient advice and forced him to enter the plea agreement. First, the record shows that Donald voluntarily entered a favorable, legally sound plea agreement. Second, a claim of ineffective assistance of counsel must be supported by more than generalizations and unsubstantiated allegations. *State v. Borbon*, 146 Ariz. 392, 399 (1985). Donald's assertions are not supported by the record, he failed to present a colorable claim for relief, and an evidentiary hearing was not warranted. *See State v. D'Ambrosio*, 156 Ariz. 71, 73 (1988).

**¶7**　　　　Donald's contention that he entered the plea agreement "under duress" similarly fails. To be valid, a plea agreement must not be the "result of force, threats or promises." Ariz. R. Crim. P. 17.3(a)(1)-(2), 17.4(c); *State v. Murdaugh*, 209 Ariz. 19, 27, ¶ 33 (2004). Donald provides no supporting facts for this claim, nor does the record show that any parties forced or coerced Donald to enter the plea agreement. The record does show, however, that at the change of plea hearing, Donald specifically agreed that he was not impaired in any way, he understood the terms of the plea agreement, and he was not forced or threatened into entering the plea agreement. Donald has not demonstrated that his guilty plea was the result of duress.

**¶8**　　　　Lastly, Donald presented additional claims in the superior court not specifically raised in the petition for review. A petition for review may not present issues or arguments through mere incorporation by reference. *See* Ariz. R. Crim. P. 32.9(c)(4)(B). Accordingly, we decline to address any claims not directly presented in the petition for review. *See State v. Rodriguez*, 227 Ariz. 58, 61, ¶ 12, n.4 (App. 2010).

## CONCLUSION

¶9      For the reasons above, we grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA