NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

ROBERT WILBUR GREEN, JR., *Petitioner*.

No. 1 CA-CR 20-0074 PRPC

FILED 7-14-2020

Petition for Review from the Superior Court in Maricopa County
No. CR2017-142311-001
The Honorable Susanna C. Pineda, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Andrea L. Kever
*Counsel for Respondent*

Robert Wilbur Green, Jr., Florence
*Petitioner*

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma, Judge Randall M. Howe and Judge
Cynthia J. Bailey delivered the decision of the Court.

**PER CURIAM**:

¶1        Robert Wilbur Green, Jr., petitions this court for review from the dismissal of his petition for post-conviction relief, filed pursuant to Arizona Rule of Criminal Procedure (Rule) 33.[1]  We have considered the petition for review and, for the reasons stated, grant review and deny relief.

## BACKGROUND

¶2        The grand jury charged Green with ten counts of sexual exploitation of a minor based on images and videos police found on his home computer.  Green retained counsel and eventually pleaded guilty to two amended counts of attempted sexual exploitation of a minor, class 3 felonies and dangerous crimes against children in the second degree.  Abiding by the parties' agreement, the superior court dismissed the remaining charges and imposed a presumptive ten-year prison term followed by lifetime probation.

¶3        Green subsequently pursued post-conviction relief (PCR).  Assigned PCR counsel reviewed the case record and plea counsel's file but was unable to find any colorable claims for relief.  Green proceeded to represent himself, and he timely filed a PCR petition and addendum.

¶4        Green primarily challenged his sentence as unlawful.  He also claimed the superior court violated his double jeopardy rights by relying upon only one illicit image to support both convictions.  Finally, Green argued the search warrant that led to his arrest and convictions was improper, and he raised claims of ineffective assistance of plea and PCR counsel (IAC) based on allegations counsel failed to challenge the warrant.  The superior court summarily dismissed the petition.

## DISCUSSION

¶5        Absent an abuse of discretion or error of law, this court will not disturb the superior court's ruling on a petition for post-conviction relief.  *State v. Gutierrez*, 229 Ariz. 573, 577, ¶ 19 (2012).  The petitioner bears

---

[1]        Effective January 1, 2020, our supreme court amended the post-conviction relief rules.  *State v. Botello-Rangel*, 1 CA-CR 19-0332 PRPC, 2020 WL 896477, at *1, ¶ 1 n.1 (Ariz. App. Feb. 25, 2020).  The amended rules apply to all cases pending on the effective date unless a court determines that "applying the rule or amendment would be infeasible or work an injustice."  *Id.*  Because there were no substantive changes to the respective rules related to this decision, we apply and cite to the current rules.

the burden of establishing an abuse of discretion. *State v. Poblete*, 227 Ariz. 537, 538, ¶ 1 (App. 2011).

**¶6** Green first challenges the superior court's dismissal order because it is unsigned. Green also contends "[t]he lower court merely recites the defendant's Rule 32 w/o law or factors . . . [and without conducting an] . . . independent review of the entire record . . . for fundamental error . . . [as required by *Pacheco v. Ryan*, CV-15-02264-PHX-DGC, 2016 WL 7407242 (D. Ariz. Dec. 22, 2016).]"

**¶7** Green's arguments fail. Nothing in the post-conviction rules requires either a signed order or an independent *Anders*-type[2] review before summarily dismissing a PCR petition. *State v. Chavez*, 243 Ariz. 313, 314, ¶ 1 (App. 2017); *see* Ariz. R. Crim. P. 33.11(a) ("If, after identifying all precluded and untimely claims, the court determines that no remaining claim presents a material issue of fact or law that would entitle the defendant to relief under this rule, the court must summarily dismiss the petition."). To the extent the District Court in *Pacheco* determined such a review is required, we are not bound by that court's decisions. *State v. Gates*, 118 Ariz. 357, 359 (1978).

**¶8** Green next contends he did not knowingly, intelligently, and voluntarily waive his rights when he pleaded guilty. Green did not raise this issue in the PCR petition he filed in superior court. A petition for review may not present issues not first presented to the superior court. Ariz. R. Crim. P. 33.16(c)(2)(B); *State v. Rodriguez*, 227 Ariz. 58, 61, ¶ 12 n.4 (App. 2010). In any event, the record indicates the court properly reviewed Green's rights with him, and he knowingly, intelligently, and voluntarily waived them at the change of plea hearing.

**¶9** Turning to the charged offenses of sexual exploitation of a minor, Green claims only one image supported both convictions; thus, he argues the factual basis for his convictions was insufficient. Green also contends the offenses were victimless because he "only" possessed pictures. Green is incorrect in both respects. The record reflects the grand jury considered ten digital images and videos, and each count in the indictment refers to a different image. Further, at the change of plea hearing, defense counsel referred to the sexually explicit images of children under the age of 15 that Green possessed on his computer. Green concurred with counsel's recited factual basis. And "only" possessing child pornography as a form of sexual exploitation of minors is not a victimless

---

[2]     *Anders v. California*, 386 U.S. 738 (1967).

crime. *See State v. McPherson*, 228 Ariz. 557, 564, ¶¶ 19–21 (App. 2012) (recognizing that possession of child pornography "continue[s] to haunt and harm the children depicted"); *see also* A.R.S. § 13-3553(A)(2) ("A person commits sexual exploitation of a minor by knowingly . . . possessing . . . any visual depiction in which a minor is engaged in exploitive exhibition or other sexual conduct.").

¶10         As he did in superior court, Green next argues his lack of a criminal history required a lesser sentence under Arizona law, and he otherwise contends the court failed to consider mitigating factors. But when he pleaded guilty, Green expressly agreed to a 10-year prison sentence followed by lifetime probation, and he waived any objections to the court's imposition of sentence. Green pleaded guilty to offenses that are class 3 felonies and dangerous crimes against children in the second degree, for which our legislature has provided a presumptive ten-year prison term for first offenders. *See* A.R.S. §§ 13-705(J), (O), -3553(C); *McPherson*, 228 Ariz. at 564–65, ¶¶ 23–24 ("[W]ithin constitutional confines, it is the legislature's prerogative, not ours, to determine the appropriate punishment to impose for particular offenses. Our state supreme court already has determined that the sentences currently mandated for the possession of child pornography violate neither the Eighth Amendment to the United States Constitution nor article II, § 15 of the Arizona Constitution. This court is bound to follow that authority."). Accordingly, Green's sentence conforms with the law.

¶11         Finally, Green re-urges his challenge to the search warrant and the related IAC claims. By pleading guilty, however, Green has waived any assertion that the search of his computer violated his privacy rights. *See State v. Chavez*, 243 Ariz. 313, 318, ¶ 14 (App. 2017) ("A defendant who pleads guilty waives the right to assert on review all non-jurisdictional defenses, including deprivations of constitutional rights."). Green's claim that counsel was ineffective for failing to contest the warrant's validity also fails. *See State v. Banda*, 232 Ariz. 582, 585, ¶¶ 12–13 (App. 2013) (guilty plea waives claims of IAC except for those claims "that relate to the validity of the plea"); *State v. Quick*, 177 Ariz. 314, 316 (App. 1993) (Rule 32 petitioner's claim of IAC is limited to "matters directly relating to the entry of a guilty plea [not] allegedly deficient performance as to other aspects of the representation").

## CONCLUSION

¶12        Green fails to establish an abuse of the superior court's discretion.  Therefore, we grant review and deny relief.



AMY M. WOOD • Clerk of the Court
FILED:    AA