NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

RICHARD B. TIMLICK, *Petitioner*.

No. 1 CA-CR 24-0674 PRPC
FILED 11-20-2025

Petition for Review from the Superior Court in Maricopa County
No. CR2016-002499-001
The Honorable Jacki Ireland, Judge, *Pro Tempore*

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Faith Cheree Klepper
*Counsel for Respondent*

The Stavris Law Firm PLLC, Scottsdale
By Christopher Stavris
*Counsel for Petitioner*

---

**MEMORANDUM DECISION**

Judge Michael S. Catlett delivered the decision of the Court, in which Presiding Judge D. Steven Williams and Judge Andrew M. Jacobs joined.

---

**C A T L E T T**, Judge:

**¶1** Richard Brian Timlick ("Timlick") seeks review of the superior court's order dismissing his petition for post-conviction relief ("PCR") filed under Arizona Rule of Criminal Procedure ("Rule") 32. We grant review and deny relief.

**FACTS AND PROCEDURAL HISTORY**

**¶2** In March 2016, a law enforcement officer responded to a 9-1-1 call from Timlick. The officer pulled up next to Timlick's car in his marked police vehicle and spoke with him momentarily. As a second officer arrived, Timlick sped away, but the police pursued him. During the pursuit, Timlick attempted to ram one officer's ("victim officer") patrol car. The police later arrested Timlick in a parking lot. Officers obtained a blood sample, which revealed that Timlick's blood alcohol concentration was over the legal limit.

**¶3** The State charged Timlick with one count of aggravated assault, one count of unlawful flight, and two counts of aggravated driving under the influence of alcohol ("DUI").

**¶4** When Timlick did not appear at multiple hearings, the court issued an arrest warrant and continued the trial multiple times. Eventually, the case went to trial in Timlick's absence. A jury found Timlick guilty on all counts. The court sentenced him to concurrent prison terms, the longest of which is 15.75 years. We affirmed the convictions and sentences on direct appeal. *State v. Timlick*, 2019 WL 4037925 (Ariz. App. Aug. 27, 2019) (mem. decision).

**¶5** Timlick petitioned for PCR, alleging (1) his trial counsel was ineffective and (2) the superior court erred in admitting other acts evidence. The superior court held an evidentiary hearing on Timlick's ineffective assistance of counsel ("IAC") claim, but it summarily dismissed his other acts claim. During the evidentiary hearing, Timlick and his trial counsel

testified. After the hearing, the court also dismissed Timlick's IAC claim. Timlick moved for rehearing, which the court denied.

¶6 Timlick seeks review of the superior court's rulings. We grant review under A.R.S. § 13-4239(C) and Rule 32.16.

## DISCUSSION

¶7 We review a decision on a petition for PCR for an abuse of discretion. *State v. Gutierrez*, 229 Ariz. 573, 577 ¶ 19 (2012). "An abuse of discretion occurs if the PCR court makes an error of law or fails to adequately investigate the facts necessary to support its decision." *State v. Pandeli*, 242 Ariz. 175, 180 ¶ 4 (2017).

¶8 On review, Timlick argues the superior court erred by (1) dismissing his IAC claim after an evidentiary hearing; (2) summarily dismissing his other acts claim; and (3) failing to consider new evidence he presented in his motion for rehearing.

## I.    IAC

¶9 To prevail on an IAC claim, a petitioner must "demonstrate that counsel's conduct fell below an objective standard of reasonableness and that he was prejudiced thereby." *State v. Bigger*, 251 Ariz. 402, 407 ¶ 8 (2021) (citing *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984)). "Failure to satisfy either prong of the *Strickland* test is fatal to an ineffective assistance of counsel claim." *State v. Bennett*, 213 Ariz. 562, 567 ¶ 21 (2006). Under the first prong, "we must presume 'counsel's conduct falls within the wide range of reasonable professional assistance' that 'might be considered sound trial strategy.'" *State v. Denz*, 232 Ariz. 441, 444 ¶ 7 (App. 2013) (quoting *Strickland*, 466 U.S. at 689).

¶10 Timlick argues his trial counsel (1) was ineffective during settlement negotiations; (2) failed to inform him of court dates, causing him to be absent from trial; and (3) failed to conduct a reasonable pretrial investigation. He contends the superior court erred by finding his trial counsel credible, alleging counsel's testimony at the evidentiary hearing and his billing statements contained inconsistencies.

¶11 "We examine a trial court's findings of fact after an evidentiary hearing to determine if they are clearly erroneous." *State v. Berryman*, 178 Ariz. 617, 620 (App. 1994). In doing so, we view the facts in the light most favorable to sustaining the court's ruling. *State v. Sasak*, 178 Ariz. 182, 186 (App. 1993).

### A.    Plea Negotiations

**¶12**    Timlick argues he rejected the State's plea offer because counsel informed him that the offer wrongly reflected his pre-amended DUI charges and advised that a better offer reflecting correct charges would come.  The record does not support Timlick's position.

**¶13**    Nine months after the State amended Timlick's DUI charges, the court held a *Donald* hearing about the State's plea offer.  *See State v. Donald*, 198 Ariz. 406, 413 ¶ 14 (App. 2000).  The State advised Timlick about the plea offer and the charges pending at that time, which included the amended DUI charges.  Timlick rejected that offer at the hearing and did not mention that he was expecting any other plea.  The court did not abuse its discretion in dismissing Timlick's IAC claim founded on plea negotiations.

### B.    Absence From Trial

**¶14**    Timlick next argues counsel failed to inform him about court dates or his arrest warrant, causing the trial to occur in his absence.  At the evidentiary hearing, counsel testified that he informed Timlick about the court dates.  Counsel's billing statements and Timlick's phone records show they had multiple phone calls during pretrial proceedings.  And Timlick's pretrial services report shows Timlick checked in with his pretrial officer until the warrant was issued, and that report supports that Timlick knew about his court dates.

**¶15**    Counsel also testified that he called Timlick about the arrest warrant and then filed a motion to quash the warrant.  Timlick's phone records show counsel called Timlick before he filed a motion to quash the warrant, supporting counsel's testimony.  Further, Timlick's statements to the court at sentencing indicate he was aware of his court dates and voluntarily chose not to appear.  The court did not abuse its discretion in dismissing Timlick's IAC claim founded on his absence from trial.

### C.    Pretrial Investigation

**¶16**    For his last IAC claim, Timlick alleges trial counsel failed to adequately investigate and cross-examine witnesses about the victim officer's failure to turn on his body-worn camera ("BWC").

**¶17**    "[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary."  *Strickland*, 466 U.S. at 691; *see Denz*, 232 Ariz. at 445 ¶ 11

(counsel need not pursue investigation if it "would not yield useful information or is otherwise unnecessary in light of counsel's chosen trial strategy").

¶18        There is no dispute that the victim officer did not turn on his BWC during his encounter with Timlick. At trial, the victim officer and the second responding officer testified that Timlick fled in his car despite their lights and sirens, then turned around and drove toward them at high speed. The victim officer stated Timlick veered into his lane, nearly causing a collision. The second officer corroborated this account, though his BWC footage shows only the interior of his own car and not Timlick's car. The police radio call and the 911 call admitted at trial supported the officers' version of events.

¶19        Before the evidentiary hearing, the parties stipulated that not all officers had been issued BWC at the time of the offense and that the victim officer's failure to "activate his BWC would have resulted in a very minor violation/infraction" of the BWC policy. Counsel testified at the hearing that he did not further investigate the BWC issue because the footage he had from the second officer showed only a dashboard and trees. Counsel also testified that inquiries into BWC policies were uncommon at the time of Timlick's offense because they were still new. The court did not err in concluding that Timlick failed to show deficient performance by counsel. *See Pandeli*, 242 Ariz. at 183 ¶ 21 (rejecting IAC claim based on failure to cross-examine because it "was a strategic decision that defendant has not demonstrated falls below the level expected of a reasonably competent defense attorney").

¶20        Even assuming deficient performance, Timlick failed to show that evidence about the victim officer's failure to turn on his BWC would have affected the trial's outcome given the overwhelming evidence against him. *See id.* at 181 ¶ 6 (defendant must show more than that the error "had some conceivable effect on the outcome of the proceeding") (quoting *Strickland*, 466 U.S. at 693). Timlick's IAC claim founded on pre-trial investigation and cross-examination also fails.

## II.    Other Acts Evidence

¶21        Timlick argues the superior court erred in admitting other acts evidence by allowing the second responding officer to testify that Timlick also tried to ram his patrol car. This argument is precluded because

Timlick could have raised it on direct appeal.[1] *See* Ariz. R. Crim. P. 32.2(a); *State v. Shrum*, 220 Ariz. 115, 118 ¶ 12 (2009) (PCR is precluded when based on a ground that was or could have been decided on appeal).

### III. New Evidence

**¶22** Finally, Timlick argues the superior court erred in not considering new evidence presented in his motion for rehearing—an email string from his PCR counsel regarding trial counsel's transfer of Timlick's file to her. He asserts that under analogous federal rules, he was entitled to present the newly discovered evidence because he first learned about the file transfer issue during the evidentiary hearing.

**¶23** We find no error because the superior court need not consider new matters raised for the first time in a motion for rehearing. *State v. Bortz*, 169 Ariz. 575, 577 (App. 1991). And the court did not abuse its discretion in finding Timlick could have obtained the evidence earlier—the record shows trial counsel turned the case file over to PCR counsel before the hearing.

### CONCLUSION

**¶24** We grant review and deny relief.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**: JT

---

[1] In his petition for PCR, Timlick framed this issue as an ineffective assistance of appellate counsel claim. Because his petition for review no longer frames the issue that way, we do not review the issue through an IAC lens. *See* Ariz. R. Crim. P. 32.16(c)(4); *State v. Rodriguez*, 227 Ariz. 58, 61 ¶ 12, n. 4 (App. 2010).